VALLÉ'S ADMINISTRATRIX, Appellant, v. AMERICAN IRON MOUNTAIN COMPANY *et al.*, Respondents.

1. Under the revised code of 1835 (R. C. 1835, p. 410) a mortgagee might, through an attorney in fact, acknowledge satisfaction of a mortgage on the margin of the record thereof; it was not necessary that such acknowledgment should be under seal, or that the agent should be authorized by instrument under seal.
2. Such an entry, except in giving notice, occupies no higher ground than an unrecorded release; a direct proceeding to set it aside is not necessary.
3. It was not necessary, under the revised code of 1835 (R. C. 1835, p. 410, § 13), in order to authorize an acknowledgment of satisfaction of a mortgage on the margin of the record thereof, that there should have been actual payment in money of the mortgage debt; it was sufficient that there was "full satisfaction" of the mortgage.
4. In a statutory proceeding to foreclose a mortgage, where the defendant sets up as a bar to the action an acknowledgment of satisfaction of the mortgage on the margin of the record thereof, the plaintiff may show in rebuttal that such acknowledgment was procured by fraud.

### *Appeal from Washington Circuit Court.*

This was an action brought by the administratrix of the estate of Charles C. Vallé, deceased, to foreclose a mortgage. The petition set forth that said Vallé owned an undivided one-seventh of a tract of 20,000 arpens situate in St. François county; that said Vallé sold and conveyed his said interest to John L. Van Doren, defendant in this suit, for $30,000; that on the same day Van Doren mortgaged the same to secure said purchase money; that Van Doren paid no part of the purchase money; that the American Iron Mountain Company holds title under Van Doren with notice. The American Iron Mountain Company, in its answer, admitted the mortgage, but alleged that it had been paid and satisfied, and that satisfaction thereof had been entered by Mr. Frissell, attorney in fact of said Vallé, on the margin of the record. Said acknowledgment, as given in evidence, was dated October 8, 1838, and was as follows: " Charles C. Vallé acknowledges to have received $30,000 and the interest thereon in full of the mortgage recorded on this and the

succeeding pages, and hereby discharges John L. Van Doren of all liability hereby contracted. [Signed] Charles C. Vallé, by his attorney in fact, M. Frissell."

The cause was tried by the court without a jury. The plaintiff asked the court to declare the law as follows : " 1st, that the proof made by defendants that C. C. Vallé in his lifetime received stock in the Missouri Iron Mountain Company under an agreement to enter the mortgage satisfied, will not sustain the allegation in defendants' answer that the said notes and mortgage were fully paid to him in his lifetime ; 2d, that nothing less than an actual payment of the money secured by the mortgage, in accordance with the conditions thereof, will sustain the defence set up in the defendants' answer ; 3d, that the paper writing purporting to be a power of attorney to Mr. Frissell, read by defendants on proof of the signature of C. C. Vallé alone, is not of itself sufficient in law to authorize the said Frissell to execute an express release of the mortgage, or to enter satisfaction on the margin of the record so as to operate as an extinguishment of the mortgage." The court refused so to declare the law. Plaintiff took a nonsuit.

*Noell* and *S. T. & A. D. Glover*, for appellant.

I. The power of attorney to Mr. Frissell and the entry on the margin of the record were not legally sufficient to discharge the mortgage. The paper was not under seal. An attorney in fact could not, under the act of 1835, make this entry. To authorize this statutory release, payment of the money is a prerequisite in all cases. (See 2 Co. 340 ; 3 Pen. & Watts, 405 ; 2 Shep. Touch. 323.)

II. The court erred in excluding plaintiff's evidence in rebuttal to show fraud in the arrangement for entering the mortgage satisfied. (2 Barr, 105 ; 18 Mo. 170.) The evidence on the part of defendant showed that the defendant is not a *bona fide* purchaser without notice. (See generally 22 Mo. 85 ; 10 Watts, 397 ; 4 Paige, 127 ; 6 Johns. 109 ; 1 Pick. 347 ; 2 Root, 126 ; 4 Harr. & McHen. 219 ; 2 Ind.

413; 2 Dev. & Bat. 530, 388; 1 Green. Ch. 118; Saxt. 204; 3 Edwards, 427; 1 Hill, 307; 1 Edwards, 232; 24 Verm. 70; 8 Gill, 31; 10 How. Prac. 528; 1 Whar. 392; 1 Hill, 532.)

*B. A. Hill,* for respondents.

I. The mortgage was personal estate and passed to the executor. (3 Burr. 978; 3 Johns. Cas. 329; 7 Mo. 466; 3 Hare, 405.) A mortgage is but a security for the payment of the debt, and when that is paid or extinguished it can never be resuscitated. (11 S. & R. 223; 5 Hill, 276.) The delivery of the stock certificates by the Mo. Iron Mountain Co. to C. C. Vallé in order to have the mortgage extinguished, and the surrender of the Van Doren notes to Frissell, the attorney of the company, was a payment of the mortgage. (See 31 Maine, 246; 1 Ohio, 469; 1 Cole, 187; 15 Verm. 374; 5 Metc. 310; 1 Halst. Ch. 32; 21 Pick. 230; 6 Barr, 230; 2 Har. & McHen. 917; 11 N. H. 474; 1 S. & R. 312; 1 Halst. 471; 2 id. 407; 4 Paige, 578; 3 Har. & McHen. 399; 8 Ohio, 22; 4 Kent, 193; 10 Ohio, 440; 3 Mass. 560; 11 Pick. 297; 16 Ala. 738.) There is no case made in the bill for the setting aside of the satisfaction of the mortgage; no issue made upon it. Fraud in the entry of satisfaction is wholly inconsistent with the bill for a foreclosure. The mortgage exists or it does not exist. If it exists, and *is* liable to foreclosure, there can be no charge of any fraudulent satisfaction of the mortgage, nor any claim made to set aside the satisfaction of the mortgage on the ground of fraud.

NAPTON, Judge, delivered the opinion of the court.

Two of the points made in this case relate merely to the forms which the proceedings assumed, and their decision either way can not terminate the controversy, or, indeed, have any material effect upon the result. The plaintiff insists that under the answer put in by the defendants no proof is admissible but of actual payment of the mortgage debt, and

that the court should have excluded all proof concerning the entry of satisfaction by the plaintiff's attorney upon the margin of the record, the power of attorney under which this entry was made, and the delivery of the notes secured by the mortgage to the plaintiff's agent. This testimony was however allowed notwithstanding the plaintiff's objections, and the plaintiff, in rebuttal, offered to show that this entire proceeding—to-wit, the delivery of the notes and entry of satisfaction—was brought about by the fraudulent and false representations of the mortgagor or his agents. This testimony was objected to as inadmissible under the pleadings, the petition being simply for a foreclosure under the statute and based upon the idea of a legal title in the mortgagee, which, being shown *prima facie* to have been extinguished by the entry of satisfaction upon the mortgage, put an end to the proceeding in a court of law, and placed the plaintiff under the necessity, if he desired to avoid the effect of this entry on equitable grounds, of resorting to his proceeding in equity to have it set aside. In other words, as the distinction between equitable and legal actions is abolished here, the objection of the defendants substantially is that the plaintiff's petition should have anticipated this matter and set up the fraud, so that the defendants could have been prepared upon that point.

Before determining these questions, it may be well to look at the objections taken to the sufficiency or legality of the entry of satisfaction upon the record of the mortgage, since these objections affect the essential right of the parties. By the law of 1835 (R. C. 1835, p. ——,) under which this proceeding occurred, a mortgagee was authorized to acknowledge satisfaction of the mortgage upon the margin of the record thereof, at the request of the mortgagor, upon receiving full satisfaction of the mortgage. This acknowledgment of satisfaction on the record of the mortgage is declared by the law to have the effect of releasing the mortgage and barring all actions thereon, and revesting in the mortgagor or his legal representatives all title to the mortgaged prop

erty.   The entry of satisfaction in this case was made by an attorney in fact of the mortgagee, and neither the entry nor the power of attorney under which it was made was under seal, nor was any money in fact paid ; but the notes, to secure which the mortgage was given, were delivered up to the agent of the mortgagor.   A technical release of a mortgage or a bond must be under seal ; but courts of equity treat a mortgage rather as a simple *chose in action*, capable of being extinguished even by a parol release executed upon a sufficient consideration.   (Ackla v. Ackla, 6 Barr, 228.)   Our statute does not require the entry of satisfaction on the margin of the record of a mortgage to be under seal, and if an attorney in fact was authorized under the statute to act for his principal in a case of this kind at all, his authority of course need not be under seal, since the acknowledgment itself need not be in that form.

The statute of 1835 is silent in relation to the power of an attorney in fact ; but the revised code of 1845 expressly authorizes the acknowledgment to be made by an attorney in fact.   We do not infer from this circumstance that the power did not exist before the revision of 1845.   It may have been thought a matter of doubt, and to relieve all embarrassment and put an end to any question on the subject may have been and probably was the motive for the provision in the code of 1845, which expressly gave the power.   But it would be a very narrow construction of the first statute to deny to the mortgagee the power of acting through an agent—seeing that such a power already was possessed in relation to acts of a more solemn character, that he could by his attorney in fact execute a release of the mortgage.   No motive can be perceived for such a restriction—no principle of public policy which it would promote --- no safeguard to private rights which it would effect.

But it seems to be perfectly immaterial, in this case, whether an attorney in fact was authorized to make the entry of satisfaction or not under the act of 1835.   Such an acknowledgment of satisfaction apart from the statute would

undoubtedly be treated as a valid parol release if founded on sufficient consideration. The statute appears to have but two objects in view in requiring this parol release to be entered on the record of the mortgage — one to give notice, the other to revest the title. As the validity of the entry of satisfaction is impeached in this case by the mortgagee, in whose name and by whose authority the entry purports to have been made, there can of course be no question of notice so far as he is concerned. The plaintiff will not insist that the present defendant had no notice, since his object is to affect him not only with notice of the entry, but notice of the fraud. The objections we are now considering, it will be observed, came from the mortgagee, the plaintiff; and it is apparent that, if the power of attorney was genuine and the entry made under the power, there was a parol release just as binding on him, if made upon sufficient consideration and without any fraudulent practices, as though it had been placed by himself upon the record in pursuance of the provisions of the statute of 1835. Notice was of no consequence to him, and, if he is right in supposing that the statutory entry could alone extinguish the mortgage and revest the legal estate in the mortgagor, that would at most only affect the form of the proceeding.

Our opinion however is, that, under the act of 1835, the entry of satisfaction might be made by the mortgagee through his attorney in fact. There is a material difference, we apprehend, between mortgages and judgments, so far as entries of satisfaction of either upon the record are concerned. An entry upon the record of the satisfaction of a judgment is record evidence of the highest character, and whilst it stands there unimpeached it is necessarily a bar to any action upon the same cause for which the judgment was rendered or in suit upon the judgment itself. A proceeding in the court where the judgment is rendered would be necessary to remove the bar. Whilst the entry stands, it precludes all inquiry in collateral suits. (Phillips, to use of Lippincott, v. Israel, 11 Serg. & R. 391.) But a mortgage is not

Vallé's Adm'rx v. American Iron Mountain Co.

supposed to occupy any higher ground than a bond or any. other deed. The court, in whose clerk's office it happens to be recorded, has no peculiar or exclusive jurisdiction over it from that circumstance alone. The entry of satisfaction upon the margin of the book where it is recorded occupies no higher ground than an unrecorded release would, except to give notice. A direct proceeding in the court where it is recorded to set it aside is therefore no more necessary than a direct proceeding would be to set aside a deed on record by a party who had a deed subsequently recorded, but of which he claimed the other party to have had actual notice.

The answer of the defendants states that the notes were all fully paid to Vallé in his lifetime, and delivered up to the trustees of Van Doren (one of the defendants), except one note upon which judgment had been obtained in the circuit court of Madison county prior to October, 1838, (the date of the entry of satisfaction) ; and that before this time said judgment and notes were fully paid ; that said Vallé, by power of attorney, dated, &c., authorized M. Frissell to enter full and complete satisfaction of the mortgage ; that under this power said Frissell did, on the 8th of October, 1838, enter said mortgage satisfied upon the margin of the record of said mortgage, in the office of the clerk of the circuit court of St. François county. The defendants further claim to be *bona fide* purchasers of the mortgaged property for value, without notice of any equities between the mortgagor and mortgagee, and that they have made valuable improvements. It is contended that nothing short of actual payment in money could be given in evidence under this answer, and it is further argued that the entry of satisfaction authorized by the statute is only authorized when the mortgage debt has been paid in this way. The words of the statute are : " If any mortgagee receive full satisfaction of any mortgage," &c. " Full satisfaction," we apprehend, may be received in other modes than by the payment of money.

30—VOL. XXVII.

If the debt is extinguished by the reception of property or notes, or stock in satisfaction of it, such arrangement will be deemed a full satisfaction within the meaning of the statute. It depends altogether upon the intention of the parties. The word *payment* is not a technical one, but it includes not only payment of money, but something accepted in its stead. (2 Greenl. Ev. § 516.) Indeed, accepting a higher security is taken as conclusive evidence of satisfaction of a simple contract debt; and, on the other hand, if a promissory note is taken as a satisfaction by express agreement, it will be so held even where the debt is due by record. (2 Greenl. 519.) So the delivery and acceptance of bank notes, the debtor's own negotiable note, the note of a third person, or any specific article or collateral thing, in satisfaction of the debt, is admissible under the plea of payment. (3 Harr. & McHen. 399.) But the defendants' answer could hardly be construed as a mere plea of payment, under the old system of pleading, since it proceeds to state particulars, to aver the entry of satisfaction, the delivery of the notes and the authority of the attorney, which would seem to be sufficiently specific to attain all the purposes expected under our present practice.

The remaining point of practice questioned in this proceeding is the refusal of the court to let the plaintiff set up, in rebuttal of the defendants' proof of satisfaction, the fraudulent and false representations by which the entry was alleged to be obtained. We have already concluded, from the distinction between these statutory entries upon the record of a mortgage and those which occur in the record of a judgment, that no direct proceeding in the court where the record is made is necessary in the case of mortgages, as it would probably be in the case of judgments; and in this view it is obvious that the question is one merely of practice. It is every day's practice in ejectment for a plaintiff holding a junior deed to show that the defendant's elder deed was obtained by fraud, without any averment of the fraud in the

Vallé's Adm'rx v. American Iron Mountain Co.

petition. So the plaintiff, holding under an elder unrecorded deed, can show that the defendant's junior deed, though recorded first, was obtained with actual notice of the prior deed, and this without any averments on the subject in the petition. A party in this condition may undoubtedly resort to a direct proceeding to set aside the conveyance he supposes to be an improper or fraudulent obstruction to his recovery; but the practice has been more frequently to try the question in ejectment. We are unable to see any distinction between these cases and the present. The plaintiff asks the court to foreclose his mortgage; the defendant sets up a bar in the shape of an entry of satisfaction on the record of the mortgage, which, *prima facie*, is a complete answer to the plaintiff's petition; the plaintiff replies that this entry was procured by fraud. That fraud vitiates such a transaction, as it does all others of similar character, can not be doubted, and that the question may be as well tried in this proceeding as in any other, is equally clear, and we do not perceive that there is any obstacle to its trial growing out of our present forms of practice. Of course, the fraud must be brought home to the present defendants; if they purchased without knowledge of any fraud, the entry is conclusive as to them. But the plaintiff offered to prove, not only that the entry was obtained by fraud, but that the present defendants purchased with a full knowledge of that fraud. We think the proof should have been heard; we shall therefore set aside the judgment of nonsuit and remand the cause; Judge Scott concurring. Judge Richardson not sitting, having been of counsel.