STATE OF MISSOURI v. HILL, APPELLANT.

1. **Evidence**: POSSESSION OF STOLEN PROPERTY. Recent possession of stolen property is in presumption of law guilty possession.

2. **Indictment**: PROOF: VARIANCE. An indictment charging the stealing of a gray mare mule is supported by evidence that the animal stolen was an iron-gray mare mule, or a dark iron-gray mare mule.

3. **Evidence**: ADMISSIONS. When the prosecution offers in evidence a conversation of the accused, consisting of admissions criminating himself and statements favorable to himself, the jury must consider the whole together. The law presumes that the former are true. The jury may believe or disbelieve the latter as they may appear to be true or false.

4. **Instructions**, are properly refused, which amount to a comment on the evidence or a repetition of others already given.

*Appeal from Lafayette Criminal Court.* — HON. WM. H. H. HILL, Judge.

*Clayton & Callahan* for appellant.

*J. L. Smith*, Att'y Gen., for the State.

NORTON, J.—The defendant was indicted in the Circuit Court of Lafayette County at its November Term, 1874, for grand larceny in stealing one gray mare mule, the property of John Haeder. The cause was properly certified and transferred from said court to the Criminal Court of said county, in which court it was tried at the March Term, 1876, and a verdict of guilty returned, and the punishment assessed at three years' imprisonment in the penitentiary. Defendant's motion for a new trial being overruled, he brings the cause to this court by appeal. The errors assigned in the motion are that the court erred in giving improper and refusing to give proper instructions; in admitting illegal and refusing to admit legal evidence; that the verdict was against the evidence; and that one of the jurors after the trial had said that fifty dollars had been paid by the defence to one Powers or Bowers, a witness in said cause, not to appear and testify, and that said juryman knew this at the time he was acting as juryman in said cause and before a verdict was rendered.

I.   The instructions given and objected to are as follows :   1. " The court instructs the jury that recent posses-

**1, EVIDENCE: possession of stolen property.**   sion of stolen property is in presumption of law guilty possession, and if the jury believe from the evidence that defendant had possession of the mule alleged in the indictment to have been stolen at the house of one Patrick Lillis recently after the same was stolen, then such possession was guilty and unless explained by the evidence in the case to the satisfaction of the jury they shall find him guilty as charged."   2. That though the indictment describes the stolen property as a

**2. INDICTMENT: proof: variance.**   gray mare mule, and though the evidence may show that the stolen property was an iron gray mule or a dark iron gray mare mule, the variance in that particular is immaterial, and if from the evidence the jury believe that the defendant did on or about the 7th day of May, 1874, feloniously take, steal and carry away a dark iron gray mare mule belonging to the said John Haeder, the jury shall find the defendant guilty as charged."   3. " In considering what the defendant said the jury must consider it all together.   He is entitled to the

**3. EVIDENCE: admissions.**   benefit of what he said for himself if true, as is the State to the benefit of what he said against himself.   In any conversation proved by the State, what he said against himself the law presumes to be true because against himself, but what he said for himself the jury are not bound to believe because said in a conversation proved by the State.   They may believe it or disbelieve it as it may be shown to be true or false by the evidence in the case."

II.   The following instructions asked by the defendant were refused :   1. " That to authorize a conviction in this case it is not sufficient to prove that the gray mule left by the defendant at the place of Patrick Lillis resembled the mule of said Haeder, but the jury must believe and find from the evidence that said mules have been identified to be one and the same mule, and unless said mules have been so identified, or if the jury have a reasonable doubt as

to the identity of said mules, they will find the defendant not guilty. 2. The jury are instructed that they may from circumstantial evidence alone find the defendant guilty, when the facts established are inconsistent with any other theory than that of his guilt, but in order to find the defendant guilty from circumstantial evidence the facts proven must be wholly inconsistent with the innocence of the accused and incapable of explanation upon any other reasonable hypothesis than that of his guilt; and before the jury can find the defendant guilty they must believe and find from the evidence that the circumstances proven in the case are not only inconsistent with the innocence of the accused and reconcileable only upon the ground of his guilt, but they must further find that no satisfactory explanation of said circumstances has been rendered by the evidence of defendant." 3. That in taking into consideration the conversations as testified to by said John Haeder as having occurred between himself and the defendant, the jury will take into consideration the entire conversation and all that was said at the time and the circumstances surrounding the parties at the time; and the jury will consider as to whether or not the proposition as stated to have been made by the defendant, that his brother would give said Haeder a mule or a horse if he would drop the matter, were made on the part of the defendant to avoid the disgrace of a prosecution and the cost and trouble attached to it, or to cover up his guilt, or as to what, if any other, motives prompted the defendant to make such proposition.

III.   The first of the above instructions given for the State has been declared to be the law and has been sanctioned by this court in a large number of cases. 27 Mo. 463 ; 15 Mo. 168, 349 ; 38 Mo. 372.   The second instruction is objected to on the ground that the indictment charges the defendant with stealing a gray mare mule and that the court tells the jury that this charge is supported by proof showing that the mule stolen was an *iron*

gray or a *dark iron* gray mare mule. The variance between the allegation and proof, we think, is immaterial : in either case the mule would be a gray mule, although in the one case it would be an iron gray, in the other a dark iron gray. Such particularity of description is not required. It is sufficient if the property stolen be described so that a conviction or acquittal may be pleaded in bar in subsequent prosecution. Under an indictment charging that the property stolen was a gelding, proof that it was a horse will support the charge. *State v. Donnegan*, 34 Mo. 67. The third instruction complained of is an exact transcript of an instruction expressly approved by this court in the case of the *State v. Carlisle*, 57 Mo. 106.

IV. The principle which defendant sought to have declared in the first instruction refused by the court was 4. INSTRUCTIONS. given in the following instruction : "The court instructs the jury that by the indictment in this cause the defendant is charged with grand larceny in having on the 14th day of May, 1874, feloniously stolen, taken and carried away one gray mare mule, the property of one John Haeder; and before the jury can find the defendant guilty they must believe and find from the evidence that said mule was so stolen ; and they must further believe and find from the evidence as above that defendant Willis Hill did so steal, take and carry away said mule, and unless the jury so find they will find defendant not guilty." The above declaration having been given, the first instruction, containing a repetition of it and also a comment as to the sufficiency of proof, was properly refused. The refusal of the second instruction was rightful because the court gave the following, correctly stating the law as applied to circumstantial evidence : "The jury are instructed that they may from circumstantial evidence alone find the defendant guilty when the facts established are inconsistent with any other theory than that of his guilt, but in order to find the defendant guilty upon circumstantial evidence the facts proven must be wholly inconsistent with the innocence of

the accused and incapable of explanation upon any other reasonable hypothesis than that of his guilt." With this instruction given, which is a clear declaration of the law upon the subject of which it speaks, we cannot see that error was committed in refusing the instruction as asked. The third instruction being in the nature of comment on the evidence, and the jury having been previously instructed to take into consideration all that defendant said in the conversation alluded to, was rightfully refused. In looking through the record, both as to the instructions given and refused and the admission of evidence, we have been unable to discover any material error affecting the rights of the defendant.

V.  The reason for a new trial based upon the alleged statement of a juror after the verdict was rendered, that fifty dollars had been paid by the defence to procure the absence of a certain witness in said cause, and that he knew this fact at the time he was acting as a juryman and before a verdict was rendered, disappears in the face of the affidavit of the juror to whom the expression was imputed, who swears that he had made no such statement and had never heard of such fact until after the verdict was rendered and the jury was discharged. The truth of this matter was investigated by the trial court on affidavits, and no cause is seen to exist for interfering with the discretion of the court in refusing a new trial on this ground. Judgment affirmed. All the judges concur.

AFFIRMED.