THE STATE, Defendant in Error, v. WILL NORTH, *alias* BILL COBURN, Plaintiff in Error.—85 S. W. (2d) 46.

Division Two, July 11, 1935.

*H. D. Dow* for plaintiff in error.

472

*Roy McKittrick,* Attorney General, *Wm. W. Barnes,* Assistant Attorney General, for defendant in error.

LEEDY, J.—Plaintiff in error, Will North, *alias* Bill Coburn, was defendant in a certain cause lately pending in the Circuit Court of Pettis County, Missouri, wherein he was charged with burglary and larceny. On a trial, he was convicted of both charges, and in accordance with the verdict, he was duly sentenced to a term of ten years' imprisonment on the burglary charge, and five years' imprisonment on the larceny charge, the two sentences to run concurrently. He has sued out a writ of error to review the judgment. For convenience the parties will be referred to as they appeared in the circuit court.

The case is here on the record proper, no bill of exceptions having been filed in the trial court. The information, as originally filed, contained two counts. By the first count defendant was charged with stealing chickens in the nighttime. Under the second count he was charged with the burglary of a henhouse, and larceny therefrom of certain chickens. At the close of the State's evidence, it elected to stand on the second count of the information, and defendant was convicted thereunder. ▪ Defendant's brief complains of the action of the trial court in overruling his motion to quash the information and to consolidate. Being a matter of exception, and not preserved by bill of exceptions, the propriety of the ruling thereon is not open to review. [State v. Shuls, 329 Mo. 245, 44 S. W. (2d) 94.] However, the statute makes it our duty in criminal cases to consider the record proper, and, among other things, determine whether the information is sufficient, and this we have done, aided somewhat by the assignments made in connection with the motion to quash.

▪ I. The count here in question, the second, charges burglary and larceny in a form often approved. [State v. Tipton, 307 Mc 500, 271 S. W. 55, and cases cited.] As a basis for additional pun-

ishment, it further alleges the previous conviction of defendant for a felony, and his compliance with the judgment. Under the ex press provisions of our statute, the offenses of burglary and larceny may be charged in one count. [Sec. 4056, R. S. 1929, Sec. 4056, 4 Mo. Stat. Ann., p. 2854; State v. Stuart, 316 Mo. 150, 289 S. W. 822.] The property alleged to have been stolen was described as "18 chickens of the total value of $10, more or less, of the chattels, domestic fowls and personal property of the said B. C. Decker and Louise J. Decker, in said hen-house and building then and there being found, etc." Larceny committed in committing burglary is a felony irrespective of the value of the thing taken. [Sec. 4056, supra; State v. Yandle, 166 Mo. 589, 66 S. W. 532.]

 It is contended that the information is bad because "combining in one count the language of a statute dealing with 'chattels then and there kept and deposited' with the words of a statute dealing with the theft of domestic fowls—One statute dealing with inanimate things; the other with animate things." And, "Further, in neither is there a statement of the kind or article so deposited and the subject of the theft." We take these assignments to refer to the following phraseology of the burglary charge, to-wit: "certain *chattels, domestic fowls and personal property* in the said henhouse and building *then and there kept and deposited, etc.*" Substantially the same questions were ruled adversely to defendant in State v. Helms, 179 Mo. 280, 78 S. W. 592, and State v. McGuire, 193 Mo. 215, 91 S. W. 939. As pointed out in the Helms case, the language of the statute under which defendant was charged is "in which goods, wares, merchandise or other valuable thing is kept or deposited." It is under the same section, as amended by Laws of 1921, page 196 (now Sec. 4048, R. S. 1929, Sec. 4048, 4 Mo. Stat. Ann., p. 2849), that defendant in the case at bar is charged. In applying the statute, it was held, "Nor does it make the slightest difference that the chickens are driven or voluntarily go into the chicken house at night to roost and are then locked or fastened in instead of catching them and putting them in by force. . . . Chickens locked up in a henhouse at night are kept therein as much as wheat deposited in a granary or storehouse, and the intention of the Legislature is to protect one as much as the other from prowling thieves." Commenting on the Helms case, this court in State v. McGuire, supra, said, "This decision clearly recognizes the idea that chickens and all kinds of poultry are valuable things within the meaning of Section 1886, Revised Statutes 1899, upon which the information is based." And as against the contention "that the information fails to allege and describe any property kept or deposited in the chicken-house answering the description of 'goods, wares, and merchandise, or other valuable thing,' " it was held that

the information was not objectionable for failure to allege and describe the property so kept and deposited. While not in the exact language of the statute, we are of the opinion that the allegation "certain chattels, domestic fowls and personal property in the said hen-house and building then and there kept and deposited" shows with sufficient certainty that the building charged to have been burglarized was within the terms of the statute, supra, and is good.

The further contention is made that the information "did not inform the accused of the nature and cause of the accusation" and that the description of the property alleged to have been stolen is insufficient to bar another prosecution for the same offense. The only case cited by defendant is State v. Gabriel, 88 Mo. 631, which we think not in point. Article 2, Section 22 of the Constitution requires that the accused be informed of the "nature and cause of the accusation." In general it has been held that in embezzlement and larceny cases there "must be a reasonably fair description of the property so that defendant may know what particular property is the subject of his offense." [State v. Fischer, 297 Mo. 164, 249 S. W. 46, and cases cited; State v. Kosky, 191 Mo. 1, 90 S. W. 454.] The same rule is applicable with respect to the description of domestic animals in larceny cases, 17 Ruling Case Law, page 58, section 63, wherein it is stated, "Where the description is so vague or uncertain as not to advise the accused of the particular kind or character of property stolen, the indictment will be held insufficient. In a majority of jurisdictions it is sufficient to refer to the animal by the name commonly applied to it, without further description. And a particular description of the animal—as that it was a certain color, age, weight, mark, brand, or sex—is not necessary." And, accordingly, this court has approved the following descriptions of property in larceny charges: "One mare of the value of $50" (State v. Owen, 78 Mo. 367); "Certain cattle, to-wit, one cow" (State v. Crow, 107 Mo. 341, 17 S. W. 745); "Two head of neat cattle" (State v. DeWitt, 152 Mo. 76, 53 S. W. 429); "1200 cigars of the value of $42" (State v. Kosky, supra); "Two neat cattle, to-wit, two steers" (State v. Hodges (Mo.), 234 S. W. 789); "A hog belonging to," etc. (State v. Jenkins (Mo.), 213 S. W. 796); "Neat cattle, to-wit, one steer" (State v. Willis (Mo.), 37 S. W. (2d) 407); "Five hogs of the value of $76" (State v. Gentry (Mo.), 55 S. W. (2d) 941).

It has been held it is sufficient if the property stolen be described so that a conviction or acquittal may be pleaded in bar in subsequent prosecution. [State v. Hill, 65 Mo. 84.] Our most recent expression on the subject is State v. Jeffords (Mo.), 64 S. W. (2d) 241, wherein it was held: "An information charging the accused with the crime of larceny must describe the property charged to

have been stolen with sufficient particularity to enable the court to determine: (1) That such property is subject to larceny; (2) to advise the accused with reasonable certainty of the accusation he will be called upon to meet at the trial; (3) to enable him to plead the judgment rendered thereat in bar of a subsequent prosecution for the same offense, without other proof. [36 C. J. 813.]'' The holding that the description must be so definite as to enable the defendant to plead the judgment rendered thereon as a bar to a subsequent prosecution *without other proof,* we think too broad, and besides, not necessary to a decision of that case. Eliminating the words ''without other proof'' the rule is correct, and measured by it, we think the information in the instant case sufficient.

II. The other point urged goes to the matter of the defendant's preliminary examination, but as it is not preserved by bill of exceptions, we cannot examine into it. As stated, defendant was found guilty of both burglary and larceny, and the verdict separately so finds, and fixes a separate punishment for each offense. The judgment conforms to the verdict, and like it, is sufficient as to both form and substance. There being no reversible error in the record proper, the judgment is affirmed.

*Tipton, P. J.,* and *Ellison, J.,* concur.