STATE OF MISSOURI, Respondent, v. BUFORD HICKLIN, Appellant.—No. 40979.—218 S. W. (2d) 564.

Division One, March 14, 1949.

*Frank F. Catron* for appellant.

1018

*J. E. Taylor,* Attorney General, and *C. B. Burns, Jr.,* Assistant Attorney General, for respondent.

[564] DOUGLAS, P. J.—Buford Hicklin was found guilty of receiving a stolen hog, and was sentenced to two years imprisonment. He appeals.

The facts show that George E., Sambo, Lee had some hogs in his hog pen at his home in Higginsville. Among them were two young hogs. The hogs were from the same litter, were sandy red in color, and were distinctively marked. One was a male, the other a female. On April 9, 1947 he missed one of the hogs from the pen, and prior to April 28 he missed the other. He searched for them around Higginsville but did not locate them. Then he went to Lexington still searching and found his two hogs in a hog pen owned by accused and where accused kept his own hogs. [565] Besides operating a restaurant, accused dealt in hogs. Lee went after a deputy sheriff and returned to the accused's pen with him. Accused pointed out Sambo's two hogs to the deputy sheriff and told him he had bought the hogs from one Coley Britt. Sambo Lee filed two separate complaints against the accused, one for each hog, in the magistrate's court charging him with receiving stolen property.

Later on an information was filed charging accused with receiving one hog as stolen property on April 28. Reference is made to the fact a second information was also filed on the second complaint charging accused with the receipt on April 9 of the other stolen hog. However

the record before use does not show this. Accused was tried under the information charging him with receiving a stolen hog on April 28.

At the trial Sambo Lee testified about finding his two missing hogs in accused's pen. He described the hog missing prior to April 28 as a male hog, weighing between 80 and 90 pounds. One Coley Britt testified he had taken a hog from Lee's hog pen on the night of April 27, drove to Lexington, and routed accused out of bed at his sleeping quarters below his restaurant sometime after midnight, and in the early morning of April 28. He sold the hog to accused, put it in accused's pen, and collected $13 for it. In his dealing with accused he told accused, "That's old Sambo's pig," and accused "kind of laughed." The witness testified he did not know whether the hog was a male or female, and that he figured it weighed from 75 to 80 pounds. The deputy sheriff testified that accused pointed out the two hogs in his hog pen as belonging to Sambo Lee and acquiesced in Sambo's taking them. Accused admitted to the officer he bought the two hogs from Britt at about a two-weeks interval. Accused also admitted to the officer that Britt sold him the second hog after midnight and on April 28, and told him it was Sambo's hog; and that he paid $13 for this hog which weighed from about 70 to 90 pounds.

Accused testified in his own behalf. He told of Coley Britt getting him out of bed after midnight and on April 28 to sell him a hog. He bought the hog for $13 but it was a female weighing from 65 to 70 pounds instead of a male weighing 80 to 90 pounds. He denied Britt told him it was Sambo's hog.

█ Accused contends here on appeal that the corpus delicti of the crime charged, that is knowingly receiving a stolen hog, was not proved because the testimony was conflicting about the identification of the hog he received on April 28, the date charged in the information. From the record before us the only substantial conflict on the issue over the identification of the stolen hog is in the testimony of the prosecuting witness and of the accused. Merely because testimony is conflicting its probative force is not destroyed. The jury may believe the testimony of the one witness or of the other. It is the province of the jury to resolve such conflicts. And this issue of identifying the stolen property was implicit in the crime charged, and its determination from the evidence was certainly for the jury. The jury resolved the conflict of testimony against the accused. In so doing, we find its verdict was supported by sufficient evidence.

█ The proof of the corpus delicti of the crime of receiving stolen goods requires the proof of two elements. First it is necessary to prove the goods were stolen, next that the stolen goods were received by the accused knowing them to be stolen goods. State v. Park, 322 Mo. 69, 16 S. W. (2d) 30; State v. Capotelli, 316 Mo. 256, 292 S. W. 42. It is often difficult to make direct and positive proof of the accused's knowledge the goods were stolen, and this element may be

inferred from certain facts and. circumstances. State v. Ham (Mo.) 104 S. W. (2d) 232. But in this case we find direct evidence of both elements sufficient to prove the corpus delicti, and thus to support the conviction.

■ We further find there was proof of the corpus delicti independent of accused's admissions to the deputy sheriff and related by such officer as a witness for the state. Therefore, even if such admissions amount to a confesson of the crime charged they were properly received in evidence. Under the facts here there is no occasion for the application of the rule that until there is independent proof of the corpus delicti, a [566] confession would not be admissible and. if admitted, would not be sufficient to establish the guilt of the accused.

■ ■Accused next argues that the conflicting evidence about the identification of the hog received on the date charged would permit a further prosecution for the same offense. To answer this argument the sufficiency of the description used in the information must be first determined.

..The informaton charged that ,accused on the 28th of April, 1947 bought and received.''one hog of the goods and chattels of one George E. Lee.'' We hold such a description of the hog is sufficient.

This court has held it is sufficient, to refer to an animal in an indictment or information by the name commonly applied to it without further description. A particular description of the animal, that it was a certain color, age, weight, mark, brand, or sex, is not necessary. State v. North, 337 Mo. 470, 85 S. W. (2d) 46. While an informaton for receiving stolen property must apprise the accused of the property received and charged to have been stolen, still the description of the property need not be in any more detail than that necessary in a charge of larceny of such property. Under Section 4456, R. S. 1939, Mo. RSA., defining grand larceny the generic term "hog" is used. We have held an information charging the stealing of a "hog" was a sufficient description of the property charged to have been stolen. State v. Jenkins (Mo.) 213 S. W. 796. And see. State v. Dewitt, 152 Mo. 76, 53 S. W. 429.

One of the tests sometimes employed in determining the sufficiency of the description of the stolen property in an information is that a judgment rendered under such information would bar a subsequent prosecution for the same offense. In State v. North, supra, a larceny case, we held in effect the information did not have to be so detailed in its descripton as to be sufficient in itself alone, and not require other proof besides the judgment as a bar to further prosecution. Furthermore, there is the general rule that if the evidence necessary to support the second information was the same as sustained the first, then the offenses are identical, and the judgment in the first prosecution is a bar to the second. See 22 C. J. S., Criminal Law, § 279. So the judgment in this case would bar a second prosecution of accused

for receiving a stolen hog on April 28, 1947 if the evidence in the second prosecution would show the same as the evidence in this prosecution shows that the hog was a male, weighing 80 to 90 pounds and had been stolen from Sambo Lee.

We hold that describing the stolen property as "one hog" is sufficient, and under the above rules the judgment of conviction with other proof would bar a second prosecution for the same offense.

Since we find there was sufficient evidence to sustain the charge and to support the judgment it is not necessary for us to discuss other points raised by the accused that there was a failure of proof, and the conviction rests upon probability, inference and suspicion.

We find the accused had a fair trial, and the jury under the evidence and the instructions was authorized to reach the verdict it did.

Judgment *affirmed*. All concur.