**STATE of Missouri, (Respondent),**

v.

**Howard WALKER, Jr., (Appellant).**

**No. WD 33660.**

Missouri Court of Appeals,
Western District.

Oct. 11, 1983.

Lee M. Nation, Michael E. Curley, Nation & Curley, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before CLARK, P.J., and PRITCHARD and LOWENSTEIN, JJ.

CLARK, Judge.

After conviction before a jury of burglary second degree, stealing and receiving stolen property, Howard Walker, Jr. prosecutes this appeal contending first, that the convictions may not stand because there was no evidence that the property was taken without the owner's consent and second, that Walker could not be convicted of receiving stolen property if he were also convicted of the stealing.

The state's evidence relative to commission of the crimes was predominently derived from testimony of Terry O'Connell and Gerald Boyce. As each of them described the events O'Connell and Boyce broke into the Pen-Ko repair Shop in St. Joseph at night for the purpose of stealing any property found there of value. After breaking the lock on the door, they entered and removed various items of tools and equipment. The fruits of the burglary were brought back to appellant's home where O'Connell and Boyce were living at the time. Appellant then sold some of the goods and divided the money with O'Connell and Boyce.

The two burglars testified that appellant furnished them a place to live and that they "worked for" appellant committing burglaries and thefts. For his part, appellant was responsible for selling the property stolen and dividing the proceeds. As to the Pen-Ko job, it was appellant who selected the target, in part because the shop was closed while the owner was on vacation. An employee of the owner, John Kostel, discovered the break-in and reported this to Kostel who came to the shop and made a listing of the missing property which he furnished to the police.

The issue as to whether the tools and equipment were taken from the Pen-Ko Repair Shop without the consent of the owner arose in the course of the testimony given by O'Connell and Boyce. O'Connell confirmed that in a statement given earlier, he had indicated the burglary was an "insurance job," that is, a crime committed with the connivance of the owner. He also related a conversation with appellant which he construed to be an admission by appellant of this arrangement. Boyce testified that he was present when some of the stolen goods were sold and that the purchaser said the property "looked awfully familiar." Appellant contends this evidence tended to show an agreement between appellant and the owner of the shop and if a reasonable hypothesis of a taking with the owner's consent is deducible, then he is entitled to acquittal.

Appellant ignores the testimony of Kostel, the shop owner. According to Kostel, when he arrived at the shop, the front door lock was broken and various items of property normally kept there were missing. While he was not asked whether he had given permission to anyone to break into the store and steal the contents, he did say he did not know appellant and had never seen him before.

Appellant concedes and the authorities have consistently held that lack of consent to the taking of property in a burglary need not be proven by direct testimony of the owner but may be shown by circumstantial evidence. *State v. Webb,* 423 S.W.2d 795, 798 (Mo.1968). To the extent the evidence in the present case was favorable to the state, the facts were akin to those in *State*

*v. Mullin,* 501 S.W.2d 530 (Mo.App.1973). The property was taken at night from a retail store which was closed for business, entry was forced by breaking a lock, the choice of the store was because the owner was on vacation rendering the premises "easy to enter," the loss was discovered by a store employee and reported to the owner who checked the store contents and found property missing.

■ In the present case, the testimony by Kostel that he had never seen appellant before, coupled with the signs of forced entry to the store and the loss of contents as reported to the police, constituted circumstantial evidence sufficient to give rise to the inference that the missing tools and equipment were taken without Kostel's permission. Even assuming the validity of this alternative inference, however, appellant argues that the prosecution fails if the testimony of O'Connell and Boyce gives rise to a contrary but reasonable hypothesis consistent with an agreement between the owner and appellant to stage the burglary. He contends that the state must carry the burden of proof sufficient to exclude any reasonable hypothesis of innocence.

This contention is unavailing to appellant because the circumstantial evidence rule on which he relies is applicable only to cases in which all the evidence is circumstantial and there is no direct evidence. *State v. Ritterbach,* 637 S.W.2d 820, 822 (Mo.App.1982). In this case, the involvement of appellant in the burglary was proven by the evidence of O'Connell and Boyce that the crime was committed by them at the direction of appellant·in whose employ they served and to whom they delivered the stolen goods for disposition. This was not a circumstantial evidence case but one significantly proved by direct evidence.

■ Appellant also appears to argue that the state was bound by any testimony of O'Connell and Boyce unfavorable to the prosecution because the evidence on the supposed "insurance job" came from the state's own witnesses. Even assuming that the interpretation by O'Connell and Boyce on their observations constituted proof of an arrangement between appellant and Kostel, the state is not bound by evidence it presents which is adverse to the prosecution if there is other evidence of contrary facts supporting conviction. *State v. Turner,* 272 S.W.2d 266, 270 (Mo.1954). The jury was entitled, as it apparently did, to disregard the testimony of O'Connell and Boyce concerning their conclusion that the burglary had been arranged between appellant and the owner and to draw the inference from the other evidence in the case that the missing property was taken without the owner's consent. The fact that evidence was to some degree conflicting on the point does not destroy the probative value of the evidence which supports the verdict. *State v. Hicklin,* 358 Mo. 1016, 218 S.W.2d 564 (1949).

In his second and final point, appellant asserts that he cannot be convicted of receiving the same property which it is also charged he stole for the reason that a thief may not receive property from himself. This point need not necessarily be reviewed on the merits because the sentence imposed on the charge of receiving stolen property was ordered to run concurrently with sentences imposed on the charges of burglary and stealing. *State v. Davis,* 624 S.W.2d 72, 77 (Mo.App.1981). In the interests of restating the effect of change in the statute on the crime of receiving stolen property, however, the point is briefly addressed.

■ Appellant here was prosecuted under § 570.080, RSMo 1978, effective January 1, 1979. The former § 560.270, RSMo 1969 was drawn to punish any person who buys or receives previously stolen property. The terms denote a two-party transaction thus obviating the possibility of convicting a single actor for the crimes of stealing and also buying or receiving the property which was stolen. *State v. Jackson,* 594 S.W.2d 377 (Mo.App.1980). The new statute under which appellant was prosecuted re-defined the offense to add the words "retains" and "disposes" with reference to the stolen property. The new statute comprehends a single party offense in that the act of disposing of the stolen property subjects the

thief to prosecution for both stealing and receiving even though he alone is involved. *State v. Sours,* 633 S.W.2d 255, 257 (Mo. App.1982).

In the present case, the evidence established that appellant received the stolen tools and equipment in that he retained some and sold some according to the testimony of the burglars O'Connell and Boyce. It is no infirmity that appellant was also convicted of the theft for his part in directing the commission of the crime.

The judgment is affirmed.

All concur.