**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Antonio JACKSON,**
**Defendant-Appellant.**

**No. 14520.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 18, 1987.

Motion for Rehearing or Transfer
Denied July 9, 1987.

J. Dan Conklin, Springfield, for defendant-appellant.

William L. Webster, Atty. Gen., Lee A. Bonine, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HOGAN, Judge.

A jury has found defendant Antonio Jackson guilty of receiving stolen property in violation of § 570.080, RSMo 1978. The trial court found the defendant to be a persistent offender within the meaning of § 558.016.3, RSMo Supp.1984, and assessed his punishment at imprisonment for a term of 6 years. The defendant appeals.

Capsulated, the evidence viewed most favorably to the verdict was that on October 29, 1984, the defendant entered a Mobile Audio store to purchase some replacement knobs for his stereo. He purchased the knobs and left the store. On the following day, the owner of the store noticed that an American Audio stereo player, designed for use in an automobile, was missing. The stereo unit was an elaborate device which combined a small TV screen, an AM/FM radio and a tape cassette player. The unit had been put on display and the owner's manual and installation guide were not with the unit. Rob Stafford, the owner of Mobile Audio, reported the unit as missing to the police and to other audio dealers.

The unit was worth approximately $295 at wholesale.

On November 1, 1984, Don Lawson was working at the House of Sound, a stereo shop. The defendant came on the premises with another man. He had in his possession an American Audio unit similar to that reported as missing by Rob Stafford. Defendant requested assistance in installing and repairing the stereo. Lawson discovered that such a stereo unit had been reported stolen so he took it to the back of the store and contacted the police. Leroy Barlow, service manager at the House of Sound, got in touch with Mobile Audio and notified the owner that "we suspected the [stolen] unit to be in the store."

Brent Chapman, the man who entered the House of Sound with the defendant, testified that the defendant had the unit in the back of the defendant's automobile in a paper sack. The defendant instructed Chapman " 'If they ask, tell them it's yours.' " When the police arrived, defendant was attempting to leave the House of Sound. At that point, Chapman claimed to have purchased the unit at a pawn shop because he "was scared." However, after he was taken in custody, Chapman recanted and made a statement giving the true details of the incident. This prosecution followed.

The defendant's first assignment of error is somewhat difficult to understand. As the point is expanded in the "argument" part of his brief, counsel argues that § 570.080.2(2), RSMo 1978, permitted the State to show that the defendant received other stolen property within 1 year preceding the transaction charged, but argues that this statute does not permit introduction of a prior *conviction* to show that the defendant did so.

The language of the statute is plain enough. Section 570.080.2(2), RSMo 1978, provided, in material part, that in prosecutions for receiving stolen property:

".2 Evidence of the following is admissible in any criminal prosecution under this section to prove the requisite knowledge or belief of the alleged receiver:

. . . .

(2) That he received *other* stolen property in *another* transaction within the year preceding the transaction charged; . . . ." (Emphasis ours.)

■ The general law is that in any case in which the proof of a prior offense is admissible, proof of the commission of the offense may be made by proving a conviction therefor. *People v. Formato*, 286 App.Div. 357, 143 N.Y.S.2d 205, 211[6], 64 A.L.R.2d 812, 818 (1955), *aff'd* 309 N.Y. 979, 132 N.E.2d 894 (1956); 3 Wharton's Criminal Evidence § 538, pp. 46–47 (Torcia ed. 1973); 29 Am.Jur.2d Evidence § 333, p. 381 (1967).

The difficulty with defendant's argument is that no conviction was introduced in evidence. Rather, it was agreed by the counsel for the defendant and the State that the following stipulation might be read in evidence:

"The defendant and the State stipulate [that] the defendant received stolen property in another transaction within the year preceding the transaction involving the American Audio in-dash TV in that on or about March 7th, 1984, the defendant received a Realistic cassette player, model SCT–28, serial number 16723, that was stolen."

This stipulation was read to the jury by the court at the request of defense counsel. And, contrary to his assertion, counsel has not established that he was required to stipulate to a fact which was not true. In the circumstances we find no error.

The defendant also asserts that there was no substantial evidence tending to prove that the defendant knew or believed the property he received was stolen. The State must, of course, make proof beyond a reasonable doubt that the defendant received stolen property knowing or believing that the property had been stolen. *State v. Hurd*, 657 S.W.2d 337, 339–340[3] (Mo.App. 1983). However, as this court noted in that modestly-meant opinion, it is often difficult to make direct and positive proof of the accused's knowledge that the goods were stolen, and the element of knowledge must usually be inferred from the facts and circumstances of the case. *State v. Hicklin*, 358 Mo. 1016, 1020–21, 218 S.W.2d 564, 565 (1949); *State v. Hurd*, 657 S.W.2d at 340; *State v. Sours*, 633 S.W.2d 255, 258 (Mo. App.1982).

■ In this case, there was evidence that the defendant had taken the stereo unit in possession. In this connection, it is to be noted that § 570.010(11) defines "receiving" to include acquisition of possession, or control over the property. *State v. Freeman*, 667 S.W.2d 443, 446[7] (Mo.App. 1984). Brent Chapman testified that the defendant had the stereo unit in the back seat of the defendant's vehicle just before the two men went to the House of Sound. After the two men were accosted by the police, the defendant asked Chapman to tell the officers " 'If they ask, tell them it's yours.' "

The stereo unit itself was unusual in its complexity. It combined an AM/FM radio with a small television receiver and a cassette player. It had obviously been tampered with when it was recovered from the defendant's possession. According to Mr. Stafford, owner of the store from which the unit was taken, "[there was] tape all over it" and the serial number had been "scraped off" when the unit was recovered. Such tampering with the stereo unit is a circumstance which would impart knowledge to one taking property in possession that it might be stolen, particularly when, as in this case, the possessor had no installation manual nor an owner's manual. *See People v. Malouf*, 135 Cal.App.2d 697, 287 P.2d 834, 839 (1955); *McDaniel v. State*, 35 Okla.Crim.App. 425, 250 P. 804, 805[1] (1926).

■ Further, as the State points out, while unexplained possession of recently stolen property does not give rise to an inference that the possessor is guilty of receiving stolen property, it is nonetheless a circumstance that the jury is entitled to consider, together with the other facts and circumstances in the case. *State v. Taylor*, 691 S.W.2d 379, 382 (Mo.App.1985); *State v. Sours*, 633 S.W.2d at 258. If it can be said that the State could more easily have

submitted stealing on the evidence presented, the proof that defendant had knowledge the stereo unit was stolen was sufficient to sustain the judgment of conviction, and accordingly the judgment and sentence are in all respects affirmed.

PREWITT, P.J., and FLANIGAN and MAUS, JJ., concur.