

# Missouri Court of Appeals
## Southern District
### Division One

STATE OF MISSOURI,                    )
                                      )
    Plaintiff-Respondent,         )
                                      )
vs.                                   )    No. SD35390
                                      )
RONALL B. DONHAM,                     )    Filed March 19, 2019
                                      )
    Defendant-Appellant.          )

### APPEAL FROM THE CIRCUIT COURT OF LAWRENCE COUNTY

Honorable Jack A.L. Goodman

<u>AFFIRMED</u>

Ronall B. Donham ("Defendant") appeals his conviction for the class B felony of receiving stolen property. *See* section 570.080.[1] He claims that the trial court abused its discretion in admitting into evidence "his previous convictions for receiving stolen property and tampering with a vehicle" because they were "offered to prove [Defendant] had a propensity to commit the crime for which he was on trial[.]" Finding no merit in Defendant's claim, we affirm.

---

[1] All statutory references are to RSMo 2000.

1

## Factual and Procedural Background

Defendant does not challenge the sufficiency of the evidence to support his conviction. Viewed in the light most favorable to the finding of guilt, *State v. Lammers*, 479 S.W.3d 624, 632 (Mo. banc 2016), the evidence revealed that, on March 10, 2015, a white 2011 Ford F450 truck ("the truck"), valued at $32,000, was stolen from Weiser Tent Service in Monett. Four days later, an off-duty Monett police officer, David Haskins ("Officer Haskins"), observed the truck and made contact with Defendant, an occupant thereof, informing him that the truck was stolen. Defendant then drove the truck away at a high rate of speed, and Officer Haskins was unable to follow. Later, in Joplin, police recovered the truck, which had been abandoned, and arrested Defendant for his involvement in a separate crime involving a different stolen truck. Following up on a tip, Officer Haskins met with Defendant in Joplin and identified Defendant as the person who fled from him in the truck.

Defendant was charged with receiving stolen property, and his trial took place on September 6, 2017. Before trial, the State filed a motion seeking to introduce evidence of Defendant's prior convictions for receiving stolen property and for tampering with a motor vehicle. The State argued that Defendant's prior convictions were admissible under the provisions of section 570.080.2 to prove "knowledge or belief (intent) of the Defendant that he is in possession of stolen property[.]" Addressing the motion immediately before trial during the pre-trial conference, the trial court ultimately agreed with the State, sustained the motion, and admitted the prior convictions into evidence.

Thereafter, during Defendant's trial, Officer Haskins testified before the jury as part of the State's case-in-chief. During that testimony, when asked by the prosecutor why Officer Haskins went to the Jasper County jail, defense counsel interjected and asked to approach the bench. Defense counsel then objected to Officer's Haskins' testimony on the basis that it was

about to get into inadmissible "propensity evidence" and "[e]vidence of bad character." In response, the prosecutor stated that Officer Haskins "is going to testify he is in the jail because he was picked up in a stolen vehicle pursuant to the statute. He is in possession of stolen property which that is by statute is [sic] allowed." Some further discussion between defense counsel, the prosecutor, and the trial court followed. Ultimately, the trial court ruled that "[g]iven the statute I will overrule the objection."

Officer Haskins then testified that Defendant "had been taken into custody in a stolen truck[,]" which resulted in him pleading guilty to a charge of "tampering with a motor vehicle[.]" Officer Haskins further testified that he ran a criminal check on Defendant and responded affirmatively when asked if Defendant had "been convicted of receiving stolen property[.]" Defense counsel offered the "[s]ame objection[,]" which the trial court noted and overruled. Officer Haskins proceeded to state that Defendant had been convicted of receiving stolen property in both Newton County and Jasper County.

Defendant did not testify or otherwise present evidence in his defense. The jury received a written instruction, among others, that if they found from the evidence that Defendant had pleaded guilty to offenses other than the one for which he was then on trial, they could "consider that evidence on the issue of knowledge of the defendant[,]" but could "not consider such evidence for any other purpose." Following its deliberations, the jury found Defendant guilty of receiving stolen property as charged. The trial court sentenced Defendant to a 15-year term of incarceration in the Department of Corrections, and now he timely appeals.

## Standard of Review

"Trial courts retain broad discretion over the admissibility of evidence, and appellate courts will not interfere with those decisions unless there is a clear showing of abuse of discretion." *State v. Winfield*, 5 S.W.3d 505, 515 (Mo. banc 1999). "A trial court abuses its

3

discretion when its ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." ***State v. Johnson***, 207 S.W.3d 24, 40 (Mo. banc 2006). "Where reasonable persons can differ about the propriety of the action taken by the trial court, no abuse of discretion will be found." ***Id.***

### Discussion

Defendant's sole point contends:

> The trial court abused its discretion in admitting, over [Defendant]'s objection, his previous convictions for receiving stolen property and tampering with a vehicle because this violated his rights to be tried only for the offense charged, to due process of the law, and to a fair and impartial trial, guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and article I, sections 10, 17, and 18(a) of the Missouri Constitution, in that the evidence of these convictions was impermissibly offered to prove [Defendant] had a propensity to commit the crime for which he was on trial, and was vastly more prejudicial than probative when considered for its purported purpose: that [Defendant] had knowledge the truck in question was stolen and that [Defendant] was in fact the perpetrator of the offense.

We disagree.

"In general, evidence of uncharged crimes is not admissible for the purpose of showing the defendant's criminal character or propensity to commit such crimes." ***State v. Young***, 367 S.W.3d 641, 645 (Mo.App. 2012). "However, when such evidence is relevant for another purpose, the evidence should not be rejected merely because it incidentally shows the accused to be guilty of another crime."[2] ***State v. Tomlin***, 830 S.W.2d 31, 34 (Mo.App. 1992).

In this case, the challenged evidence was admissible for a purpose other than showing Defendant's character or propensity to commit such crimes. The charging statute provides that "[a] person commits the crime of receiving stolen property if for the purpose of depriving the

---

[2] The State cited this quotation from ***Tomlin*** and relied upon this principle in its responding brief. Defendant did not address this issue in his initial brief and did not file a reply brief as permitted under Rule 84.04(g), as made applicable by Rule 30.06(a). Defendant has failed, therefore, to provide us with any argument, much less a compelling argument, why this principle is not applicable here. All rule references are to Missouri Court Rules (2018).

4

owner of a lawful interest therein, he or she receives, retains or disposes of property of another *knowing that it has been stolen, or believing that it has been stolen*." Section 570.080.1 (emphasis added). As to the knowledge or belief element of the offense, italicized *supra*, "[t]he State must, of course, make proof beyond a reasonable doubt that the defendant received stolen property knowing or believing that the property had been stolen." **State v. Jackson**, 732 S.W.2d 558, 560 (Mo.App. 1987). To that end, the charging statute identifies and makes admissible the following categories of evidence:

> 2. Evidence of the following is admissible in any criminal prosecution pursuant to this section to prove the requisite knowledge or belief of the alleged receiver:
>
> (1) That he or she was found in possession or control of other property stolen on separate occasions from two or more persons;
>
> (2) That he or she received other stolen property in another transaction within the year preceding the transaction charged;
>
> (3) That he or she acquired the stolen property for a consideration which he or she knew was far below its reasonable value;
>
> (4) That he or she obtained control over stolen property knowing the property to have been stolen or under such circumstances as would reasonably induce a person to believe the property was stolen.

Section 570.080.2.

Because this was a *criminal prosecution pursuant to that section*, the State argued to the trial court that Defendant's prior convictions were admissible under section 570.080.2 to prove the knowledge or belief element of the offense. The trial court agreed and admitted Defendant's convictions for receiving stolen property and tampering with a vehicle. Defendant's argument, based on his objection below,[3] that his prior convictions were "impermissibly offered to prove

---

[3] Section 570.080 was repealed effective January 1, 2017. During trial on September 6, 2017, Defendant did not object to the application of any part of this statute on the basis of this repeal or any other basis. Similarly, Defendant acknowledged in his brief on appeal that the trial court relied upon this statute to admit the challenged evidence, but failed to proffer any argument or explanation as to how the challenged evidence is not admissible under section

[he] had a propensity to commit the crime for which he was on trial[,]" misses the mark in that it fails to address or analyze the section 570.080.2 statutory basis for the admission of these prior convictions into evidence. Our supreme court has recognized that evidence admitted pursuant to the provisions of section 570.080.2, as noted above, "*is admissible . . .* to prove the requisite knowledge or belief of the alleged receiver[.]" **State v. Gardner**, 741 S.W.2d 1, 9 (Mo. banc 1987) (emphasis added). Defendant has failed to demonstrate that the trial court's admission of the challenged evidence under section 570.080.2 was erroneous.

Moreover, the jury was given a limiting instruction to consider the evidence of Defendant's prior convictions *only* for the knowledge element of the charged offense and not for any other purpose. We presume the jury followed the trial court's instructions. **State v. Cornelious**, 258 S.W.3d 461, 468 (Mo.App. 2008). Defendant does not mention this instruction in his brief, much less proffer a cogent argument for our consideration as to why this instruction did not appropriately constrain the jury's consideration of Defendant's prior convictions in accordance with their admissible use under section 570.080.2.

For the aforementioned reasons, Defendant has failed to demonstrate that the trial court abused its discretion in admitting his prior convictions into evidence. Point denied.

### Decision

The trial court's judgment is affirmed.

GARY W. LYNCH, J. – OPINION AUTHOR

DON E. BURRELL, JR., P.J. – concurs

NANCY STEFFEN RAHMEYER, J. – concurs

---

577.080.2 or that the subsection was not applicable to his "criminal prosecution pursuant to this section[.]" *See* section 577.080.2.