State v. Woods.

THE STATE v. WOODS, *Appellant*.

Division Two, January 19, 1897.

1. **Criminal Law**: BURGLARY AND LARCENY: INDICTMENT: PRACTICE. A person may be prosecuted for burglary and larceny in one count, or in separate counts of the same indictment, and may be convicted of one offense and acquitted of the other, whether they are set out in the same or in different counts.   R. S. 1889, sec. 3529.

2. ———: PRACTICE: INSTRUCTIONS: EXCEPTIONS.   The objection that the court did not fully instruct the jury upon all questions of law arising in the case can only be taken advantage of by excepting at the time the instructions are given.

3. ———: BURGLARY: BREAKING.   Moving the bolt or raising the latch is a sufficient breaking, in law, to constitute burglary.

State v. Woods.

*Appeal from Vernon Circuit Court.*—HON. D. P.
STRATTON, Judge.
AFFIRMED.

*R. F. Walker*, attorney general, and *Morton Jour-dan*, assistant attorney. general, for the state.

(1)   The defendant will not be heard to complain
of the failure of the court to instruct the jury upon all
the law or upon any particular branch of the case, for
the reason that he failed to except to the action of the
court to instruct the jury at the time. *State v. Paxton*,
126 Mo. 500; *State v. Cantlin*, 118 Mo. 111.   This
failure of the defendant applied with equal force to the
alleged action of the court in failing to tell the jury
that they could acquit the defendant of either burglary
or larceny.; as a matter of fact the jury did acquit the
defendant of the charge of larceny.   (2) There was
ample and sufficient testimony of the breaking; mov-
ing the bolt or raising the latch was under the law
sufficient, and this was necessarily done by the defend-
ant in the perpetration of the burglary, because the
Brocks testified that they left the house with the doors
latched and the windows down.   *State v. Moore*, 117
Mo. 395; *State v. Tutt*, 63 Mo. 595.   The testimony in
this case is sufficient to support the verdict; the ver-
dict is in harmony with the law and the evidence.
The jury were authorized to find the defendant guilty
of either burglary or larceny or both the burglary and
larceny, and the defendant will not be heard to com-
plain of his acquittal of larceny.   *State v. Hutchinson*,
111 Mo. 257.

SHERWOOD, J.—Charged with the crime of bur-
glary and larceny, defendant was convicted of the
former crime in the second degree, his punishment

assessed at three years in the penitentiary, but he went acquit of the larceny.

The indictment is based on section 3521, Revised Statutes, 1889, and charges a breaking into a dwelling house and larceny of certain articles therein and therefrom.

Defendant is not represented in this court by counsel, and so we are left in doubt to a great extent, except as indicated in the motion for a new trial, as to what grounds defendant relies upon for a reversal of the judgment herein.

The testimony in this case shows that the defendant lived with his father and brothers in Deerfield township, Vernon county, Missouri, during March, 1896, in the neighborhood of the Brock family. On the night of the twelfth of March, 1896, a literary entertainment of some kind was given at the country schoolhouse in that vicinity; that the Brocks left home that night, leaving the dwelling house alone, with the doors closed and latched and the windows down, and went together to the entertainment. It is shown that the defendant was at the literary entertainment early in the evening, and a number of persons saw him leave the room when the program was not half finished. He was not seen there again that evening. Upon the return of the Brocks it was found that someone had entered the house and had taken two suits of clothes and a hat. The clothes and hat were positively identified by the two Brock boys, to whom they belonged. It is shown that two or three days after the burglary the defendant left the state, and when arrested at Pittsburg, Kansas, had in his possession the clothes stolen the night of the burglary; in fact, when arrested, he had the pants on identified by and belonging to one of the Brock boys.

Upon the part of the defense the testimony tended

to prove an *alibi;* that the defendant was at the entertainment during the entire program, and then went home with the Woods family. In explanation of the possession of the stolen clothes, defendant testified that about 5 or 6 o'clock in the evening on the day before he left for Kansas he purchased the entire suit from an unknown man who claimed he had worked for Forepaugh's circus; that he discovered the man and made the purchase in the dark, down at the trestle of the Missouri, Kansas & Texas railroad; that he had never seen him before, nor had he seen him since; that the fellow told him he wanted enough money to go to Fort Scott; that his mother was sick in Texas, and if he could get to Fort Scott, to relatives, he could get money enough to get to Texas; that he paid this *unknown* $2.75 for the clothes.

The trial court of its own motion gave the instructions usual in such cases.

Under section 3529, Revised Statutes, 1889, a person may be prosecuted for both burglary and larceny in the same count, and if convicted of both may be punished for both. And we have frequently decided that a person on a trial for both these offenses might be convicted of either, and this whether the crimes mentioned be joined in one count or separated into several counts.

The court in its instructions told the jury what to do in case they found the defendant guilty of both burglary and larceny, and then in another instruction told them that if they found defendant guilty of burglary, they should assess his punishment, etc., but that unless they so found him guilty, they should acquit him of that crime, and then in another instruction told them that although they might find defendant not guilty of the burglary, yet that they might find him guilty of the larceny, and unless they so found him

guilty of larceny, they should acquit him of that crime.

Now the point is made in the motion for a new trial that the court erred in failing to instruct the jury that they could acquit defendant of either the burglary or the larceny. How this point could have been made more plain, it is difficult to see. The instructions can not be rationally construed as signifying anything else than as above indicated, and so the jury understood the instructions as is shown by their verdict.

How the jury could, under the evidence, fail to convict of the larceny also, seems singular indeed.

And there is no doubt under the numerous decisions of this court as already stated, but that a party may be convicted of burglary and acquitted of larceny, as they are distinct offenses. So that it is not true as asserted in the motion for a new trial that because the jury acquitted defendant of the larceny, that, therefore, they were bound also to acquit him of the burglary.

Complaint is also made in the motion that the court did not instruct the jury on all questions of law, etc. Advantage of such a defect, if there were one, could only be taken by excepting at the time the instructions were given. *State v. Cantlin*, 118 Mo. 111; *State v. Paxton*, 126 Mo. 500.

Another ground of the motion went to the point that the verdict is against the weight of the evidence. This matter, however, was for the consideration of the jury.

Another ground urged is that there was no competent evidence of the breaking. There was ample evidence on this point as shown by the statement of the evidence heretofore made. Moving the bolt or raising the latch is a sufficient breaking in law. *State v. Tutt*, 63 Mo. 595; *State v. Moore*, 117 Mo. 395. Therefore judgment affirmed. All concur.