## THE STATE v. HELMS, Appellant.

### Division Two, February 1, 1904.

1. **Criminal Law:** BURGLARY: CHICKENHOUSE IS A BUILDING. A chickenhouse in which chickens are kept is a building in which burglary can be committed, within the meaning of the statute (sec. 1886, R. S. 1899) defining burglary in the second degree. And it is immaterial whether the chickens are kept in such building for the purpose of trade and commerce, or for the use of the owner.

2. ———: ———: STATUTE: ENLARGING COMMON LAW DOCTRINE. The Act of 1899 (sec. 1886, R. S. 1899) amending the statute

State v. Helms.

defining burglary in the second degree, is intended to enlarge the common law doctrine of burglary, and it is the duty of the courts to effectuate the intention of the Legislature as far as the language and purpose of the act will permit.

3. ———: ———: REMOVING SLATS AND BUTTONS. Removing the slats and buttons on the doors of a chickenhouse is a sufficient breaking in law to constitute burglary.

4. ———: BURGLARY AND LARCENY: DISTINCT OFFENSES. A person charged with burglary and larceny may be convicted of the one and acquitted of the other, since they are separate and distinct offenses, and a defendant can not complain of the failure of the jury to convict him of both offenses.

Appeal from Andrew Circuit Court.—*Hon. A. D. Burnes*, Judge.

AFFIRMED.

*Jno. W. Stokes* for appellant.

*Edward C. Crow*, Attorney-General, and *C. D. Corum* for the State.

(1) The indictment is sufficient. State v. Megraw, 87 Mo. 161; State v. Shields, 89 Mo. 252; State v. Taylor. 136 Mo. 66; Kelly's Criminal Law, sec. 609; R. S. 1899, sec. 1886. (2) At common law, the breaking to constitute burglary was confined to the dwelling or mansion house of another, but our statute is broader than the common law and under it it is burglary to feloniously break into almost any kind of structure which is used by man. State v. Davis, 136 Mo. 110. If the inside door was fastened by a slat and the outside door by a button, as Mrs. Trampe testified, and as the jury found, the raising of either of these latches by the defendant was a sufficient breaking to constitute burglary. State v. Hecox, 83 Mo. 531; State v. Moore, 117 Mo. 395; State v. Woods, 137 Mo. 6. (3) The jury found defendant guilty of burglary, as charged in the information. No finding was made as to the larceny. The verdict is responsive to the charge and affords the defendant protection against another prosecution for the same offense. The verdict

is certain, positive and free from ambiguity. It would enable the defendant to successfully plead *autrefois convict*. State v. Rowe, 142 Mo. 441; State v. Burke, 151 Mo. 146.

GANTT, P. J.—On the 20th day of September, 1901, the prosecuting attorney of Andrew county filed an information, duly verified, in the circuit court of that county, charging the defendant with feloniously and burglariously breaking into a certain chickenhouse, belonging to Charles Trampe and his wife, Anne E. Trampe, and stealing therefrom eleven chickens of the value of two dollars and seventy-five cents, which belonged to Anne E. Trampe, who, it was alleged, was a joint owner with her husband of the property.

The evidence showed that on the night of September 11, 1901, the defendant was observed in the vicinity of the home of the prosecuting witnesses; that he was traveling in a wagon suitably adapted for the purpose of transporting chickens, and that he was seen to stop near the residence of the prosecuting witnesses, leave his wagon and go towards the premises which he was charged with burglarizing. He was not gone long until he returned carrying with him a sack containing about one dozen chickens, belonging to the prosecuting witness, Anne E. Trampe. The chickens were identified by her; indeed, there is no conflict in the testimony in this case, except in relation to the burglary. The defendant admitted that he stole the chickens. The only issue of fact is whether or not he opened the doors which enclosed the chickenhouse.

The testimony on behalf of the State tends to show that there were two doors of this chickenhouse, one on the inside of the other. The prosecuting witness testified that the inside door was closed by her on the night that the chickens were stolen and that it was fastened by her with the slat near the top of the door. She states that she also closed and fastened the outside door with a

button, and that the following morning she found the doors of the chickenhouse open.

The defendant testified in his own behalf, admitting the larceny of the chickens, but stated that the door was partially open at the time that he visited the hen roost, and that it was sufficiently ajar so as to permit his entrance into the chickenhouse without removing the latch or even touching the door. He stated that he only saw one door and his testimony tends to show that there was only one door to the chickenhouse.

The trial resulted in his conviction and sentence to three years in the penitentiary, from which he appeals to this court.

The information is sufficient.

Prior to 1899, section 3526, Revised Statutes 1889, provided that, ''Every person who shall be convicted of breaking and entering: First, any building *within the curtilage* of a dwelling house, but not forming a part thereof; or, second, any shop, booth, etc., in which there shall be at the time some human being, or any goods, wares, merchandise or other valuable thing kept or deposited, with the intent to steal or commit any felony therein, shall be adjudged guilty of burglary in the second degree,'' but the General Assembly of this State on May 31, 1899, repealed said section and adopted a new section by the same number (now 1886, R. S. 1899) which provides that ''every person who shall be convicted of breaking and entering *into any building,* the breaking and entering of which shall not be declared by any statute of this State to be burglary in the first degree, or any booth, or tent, etc., shall be guilty of burglary in the second degree.''

This change in the statute was probably made on account of the construction given to section 3526 of the revision of 1889 in State v. Schuchmann, 133 Mo. 111, wherein it was held that unless the indictment charged that the building (other than the dwelling house) in which the burglary was committed was *within the curtil-*

*age of the dwelling house*, it was fatally defective, overruling State v. Hecox, 83 Mo. 531, in that respect.

We think that the words of the statute and the history of the change in it from the revision in 1889 makes it clear that a chickenhouse in which goods and wares and valuable chickens are kept is now a building in which burglary can be committed, within the meaning of section 1886 of the revision of 1899, and as enacted May 31, 1899.

The statute clearly intends to enlarge the common law doctrine of burglary, and it is our duty to effectuate the intention of the Legislature as far as the language and purpose of the act will permit.

The distinction urged by the learned counsel for defendant between chickens confined and kept in a building for the purpose of trade and commerce and chickens kept in a building by the owner for his own use and food, is not tenable in our opinion. The same reasoning would make it burglary to break into a house in which watches were kept for sale but would exonerate the burglar who breaks into the house of a citizen to steal the watch which he uses as a timepiece for his own convenience and which "is not for sale." Nor does it make the slightest difference that the chickens are driven or voluntarily go into the chickenhouse at night to roost and are then locked or fastened in instead of catching them and putting them in by force. The language of the statute is, "in which goods, wares, merchandise or other valuable thing is kept or deposited." The poultry product of Missouri is to-day one of its chief sources of wealth, and chickens locked up in a henhouse at night are *kept* therein as much as wheat deposited in a granary or store house and the intention of the Legislature is to protect one as much as the other from prowling thieves, such as the evidence tends to show defendant was. The recent act of the Legislature approved March 18, 1903, making the stealing of any domestic fowl from the premises on which any dwelling house is situated grand larceny ir-

respective of its value strongly enforces the intention of the Legislature to eradicate this offense.

There is absolutely no dispute as to the larceny. Defendant admitted that on the stand when sworn in his own behalf.

The only serious contention is that the evidence does not make a case of burglary. Mrs. Trampe, one of the owners of the chickens stolen by defendant, testified that they had five chickenhouses and on the night of the theft only one of these, the one in which there were no chickens, was left unfastened. She testified that the chickenhouse in which the stolen chickens were kept that night had two doors, an outer and an inner door, and both were fastened. The inside door was fastened on the top with a slat and the outside door was fastened with a button.

It was necessary to remove these fastenings before defendant could get into the chickenhouse.

In State v. Woods, 137 Mo. loc. cit. 10, it was ruled that moving the bolt or raising the latch was a sufficient breaking in law to constitute burglary. [State v. Tutt, 63 Mo. 595; State v. Moore, 117 Mo. 395.]

It was, therefore, a sufficient breaking in this case when it was shown that the defendant removed the slats and buttons with which the door was fastened.

While the defendant testified in his own behalf that the door was not fastened, that issue was determined against him in favor of the testimony of Mrs. Trampe. The jury only convicted defendant of the burglary and while it is difficult to see how the jury could fail to find defendant guilty of the larceny, which he admitted, he is in no position to complain on that score, and our decisions abundantly settle that a party may be convicted of the burglary and acquitted of the larceny, as they are distinct offenses. [State v. Woods, 137 Mo. 6.]

We have carefully examined the instructions and they are in harmony with the views herein expressed, and no exceptions were taken to them.

The judgment is affirmed. *Burgess* and *Fox, JJ.,* concur.