STATE of Missouri, Respondent,

v.

Leon Claude FRITZ, Appellant.

No. 50292.

Supreme Court of Missouri,

Division No. 1.

June 8, 1964.

Joseph A. Harrington, Kansas City, for appellant.

Thomas F. Eagleton, Atty. Gen., James J. Murphy, Asst. Atty. Gen., Jefferson City, for respondent.

HYDE, Presiding Judge.

Defendant charged under the Habitual Criminal Act (Sec. 556.280) was convicted of burglary in the second degree and sentenced to 10 years' imprisonment. Secs. 560.045, 560.070, 560.080, 560.095. (Statutory references are to RSMo and V.A.M.S.) Defendant has appealed and his brief raises the issue of sufficiency of the evidence to make a case for the jury or to support the submission of burglary in the second degree by Instruction No. 2.

■ It was stipulated that defendant had previously been convicted of burglary, second degree, sentenced to two years' imprisonment, went to the penitentiary, served time there but was later released on parole and finally discharged, so there was no issue about the applicability of the habitual criminal statute. The information charged burglary in the first degree (Sec. 560.040) but the submission was on burglary in the second degree as authorized by Sec. 556.220, State v. Whitaker, Mo.Sup., 275 S.W.2d 322, 323. The submission was on "bursting into and opening the front door of said dwelling house."

The State's evidence showed that on December 1, 1962, Charlotte Havner Monahan was asleep on a divan in the first floor front room very close to the front door, of the house at 3711 Garfield Street in Kansas City, Missouri, in which her mother lived with her husband and her brother-in-law. Charlotte was the last of the family to go to bed, the other members of the household being asleep in beds in other rooms nearby. About 3:30 a. m. she felt somebody's hands on her breasts, screamed for her parents and tried to hold the man she saw so her parents could get to him. The man (later found to be defendant) hit her and she fell, and he ran out the front door, but her mother got to her in time to see a man run out the open front door. When Charlotte went to bed, the front door of the house was closed but not locked and the door (near the front door) to the living room where she was sleeping was also closed. When defendant ran out the front door he ran toward two uniformed police officers who had just arrived in answer to a call about a disturbance in the house next door. The officers heard a woman scream, heard someone stumbling over furniture in the house and saw defendant run out toward them. They ordered him to stop but he ran around to the rear of the house next door. The officers closely pursued defendant to the 2100 block of 37th Street, where he ran out into the middle of 37th Street, stopped, turned and pointed a pistol at the policemen. Officer Andrews stopped and called a warning to Officer Arnold who ran on past him towards defendant. As Officer Arnold came towards him, defendant threatened to shoot and the officers heard a click when defendant "jacked the chamber" of his pistol. Both policemen then fired at defendant, each firing several shots. Defendant turned and ran across to the north side of 37th Street and into a back yard where he fell. Defendant had received three wounds, in the wrist, leg and side; and a fully loaded 7.65 millimeter German make pistol was on the ground beside him. The officers found that defendant had a screwdriver and a pair of pliers in his pocket.

■ We have held that the opening of an unlocked door constitutes a forcible breaking within the meaning of second degree burglary statutes, State v. Ewing, Mo.Sup., 298 S.W.2d 439, 443; State v. O'Brien, Mo.Sup., 249 S.W.2d 433, 434; State v. Stewart, 329 Mo. 265, 44 S.W.2d 100, 103, and cases cited; State v. Woods, 137 Mo. 6, 38 S.W. 722; 12 C.J.S. Burglary § 3, p. 670. We have also held that the requisite intent to steal accompanying a charge of burglary can be proved from the circumstances, State v. Lugar, Mo.Sup., 84 S.W.2d 614, 616; State v. Whitaker, Mo. Sup., 275 S.W.2d 322, 324; State v. Grant, Mo.Sup., 275 S.W.2d 332, 334; State v. Smith, Mo.Sup., 357 S.W.2d 120, 123. The evidence shows that the defendant entered the house at nighttime armed with a loaded pistol without the consent of the occupants. See State v. O'Brien, Mo.Sup., 249 S.W.2d

433, 434. The evidence as to the defendant molesting Charlotte also might indicate an intent to commit some other crime, but we find his nighttime entry, his subsequent conduct in striking her when discovered, fleeing from the house and from the approaching police, threatening the police with a loaded pistol, together with the fact that tools were found in his possession which could have been used for entering buildings and removing articles from them, constituted sufficient circumstantial evidence to support a finding that the defendant entered with the intent to steal. See State v. Norris, Mo.Sup., 365 S.W.2d 501, 503–504. Therefore, in view of the provisions of Secs. 560.045, 560.070, 560.080 and 556.220, we hold that defendant's motion for acquittal on the ground that there was no evidence of entry with intent to steal cannot be sustained. This also disposes of defendant's claim that it was error to give Instruction 2 because the evidence was insufficient to justify a finding that defendant entered the house with intent to steal.

■ The errors alleged in defendant's motion for new trial concerning Instruction 2 was that it "assumes there was a breaking into the premises, when the evidence does not prove such a breaking; that said instruction assumes that articles of value were kept in said premises; that the instruction assumes an intent to steal on the part of the defendant, which is not supported by the evidence." However, this instruction required the jury to "find from the evidence in this case, beyond a reasonable doubt" that defendant did "break and enter into the dwelling house" specified "by bursting into and opening front door of said dwelling house * * * and further find that in said dwelling house divers goods, wares, merchandise and valuable things of any value were kept and deposited and that said defendant then and there broke into and entered said dwelling house, as aforesaid, with the felonious intent to steal any goods, wares, merchandise and valuable things therein." Thus it clearly appears that this instruction did not make the assumptions

claimed in defendant's motion but required the jury to make such findings to reach a verdict of guilty.

■ We consider the other ground argued in the brief filed by defendant's counsel, that the court erred in giving Instruction 2 because the evidence was insufficient to justify a finding that defendant entered the house through the front door, although not raised in his motion for new trial, because it applies to the claim that the evidence did not make a case for the jury. It is argued that a photograph of the house at 3711 Garfield, introduced in evidence by the state, shows three windows facing on the street (two upstairs over a porch and one on the first floor opening on the porch at the side of the front door) and shows some indication of side windows. Defendant's brief says: "The State elected to charge that the Defendant gained access by the front door only. It succeeded in proving that Defendant came out of the front door, but there is no testimony and no evidence of how he gained access to the premises."

State v. Ewing, Mo.Sup., 298 S.W.2d 439, and State v. Allen, 344 Mo. 335, 126 S.W.2d 236, are cited in defendant's brief on this point. In the Allen case, it was stated: "If the doors and windows were left open, there could be no burglary." The court held the proof insufficient because "there was absolutely no evidence that the doors and windows had been secured or closed. In fact, there is no proof that the house had any doors or windows." However, this was a first degree burglary case. In the Ewing case, where the defendant was convicted of second degree burglary of a service station which was operated in connection with a garage and used-car business, we noted (298 S.W.2d 1. c. 443) the lack of any evidence to show "that the west door and a back window were closed prior to the time of defendant's entry into the building" on August 11, 1955. We held "there was no evidence that defendant's entry into the building was burglarious in that the evi-

dence failed to show the essential element of a 'breaking.' "

However, the picture of the house in evidence herein shows the unlocked front door to have been the best available entrance to the house, which was built on a rather high foundation requiring a flight of at least five steps to reach the front porch. Furthermore, one of the police officers stated that the picture (apparently taken at night) "is a fair representation of the premises on the night of this occurrence"; and it shows the window on the porch closed. Since it appears likely that other windows could not have been reached without a ladder or other aid for climbing, of which there was no evidence, we consider it to be a reasonable inference from the evidence that defendant entered by opening the unlocked front door, especially since the evidence shows defendant was only in the front part of the house and did not disturb anyone except Charlotte who was sleeping close to the front door. We think this situation is very similar to that in Daniel v. State, Ga. App., 173 S.E. 485, 486, in which it was said: "It is only necessary to say that where, on a trial for burglary, the evidence shows that a person residing in the burglarized house was awakened in the early morning hours by a noise, and on investigation saw the defendant coming out of the back of the house, and upon further investigation discovered that a window in the back of the house and the refrigerator door inside the house, which were closed when the occupants of the house retired for the night, were open, and where it is further shown that the defendant was a few minutes later apprehended running only a few blocks from the scene of the crime, the evidence authorizes a finding that the defendant was guilty of the crime charged."

Furthermore, in State v. O'Brien, Mo. Sup., 249 S.W.2d 433, 434, in which defendant was seen jumping from an open kitchen window, which the State's evidence showed was closed but not locked, we said: "In these circumstances the defendant contends that there is no 'direct evidence' that he 'broke into the Amann home.' Even though he was seen jumping from the rear window, it is argued that there was no evidence that he entered the house, or if he did as to how the entry was effectuated. If the defendant means that there must have been some evidence of a forcible 'bursting or breaking' of a window he has misconceived the difference in burglary in the first degree, Section 560.040 RSMo 1949, V.A.M.S., and burglary in the second degree, the offense for which he was tried and convicted. Section 560.070 RSMo 1949, V.A.M.S. These statutes have been in force since territorial days and it has been pointed out many times that it is only in first degree burglary that the method of gaining entry by 'bursting or breaking' is important. Any other 'breaking and entering of which shall not be declared by any statute of this state to be burglary in the first degree * * *,' if the entry is with the intent to steal or commit any crime therein, is burglary in the second degree. Section 560.070 RSMo 1949, V.A.M.S.; State v. Young, 345 Mo. 407, 133 S.W.2d 404. Thus the state's evidence plainly shows, circumstantially, including the green hat, State v. Wilson, 225 Mo. 503, 523, 125 S.W. 479, that the defendant entered the apartment by raising the kitchen window and that is a sufficient breaking and entry without the meaning of the statute defining burglary in the second degree. State v. Tutt, 63 Mo. 595; State v. Stewart, 329 Mo. 265, 44 S.W.2d 100." See also State v. Henderson, 212 Mo. 208, 214, 110 S.W. 1078; State v. Helms, 179 Mo. 280, 285, 78 S.W. 592; State v. Woods, 137 Mo. 6, 10, 38 S.W. 722. We hold there was sufficient circumstantial evidence to support a finding that defendant entered the house by opening the front door so that it was not error to submit such finding in Instruction No. 2.

The judgment is affirmed.

All concur except HENLEY, J., not sitting.