Anna K. MOORE, Plaintiff-Respondent,

v.

Carrie Kopp HUFF, Defendant-Appellant.

No. 32761.

St. Louis Court of Appeals.

Missouri.

May 21, 1968.

Samuel Richeson, Dearing, Richeson, Weier & Roberts, Hillsboro, for defendant-appellant.

Robert A. McIlrath, Flat River, for plaintiff-respondent.

JOHN C. CASEY, Special Judge.

Plaintiff, a passenger riding in defendant's automobile, obtained a jury verdict of $9,000 as damages for personal injuries against defendant. This appeal was taken from the order overruling defendant's motion for directed verdict or alternatively for a new trial.

The automobile collisions out of which this action arose occurred on an 18 foot wide two lane portion of old highway 67 at a point about five miles south of Flat River, Missouri, on September 11, 1959. Plaintiff was a passenger riding in the rear seat of a 1955 Mercury being operated south on Highway 67 by Defendant Carrie Kopp, since married and now Carrie Kopp Huff, but referred to in evidence as Kopp. Another southbound automobile driven by Leroy Alvin Blain pulled over into the northbound lane of the 18 foot highway to pass the Kopp automobile and a series of collisions ensued involving those two automobiles and a northbound automobile driven by one Emil Charles Schramm, since deceased. After such three car collisions the Kopp automobile left the paved highway, ran some distance along the west shoulder of the road, up the west embankment, over open ground and finally collided with a tree. Plaintiff sustained some injuries including a fracture of the left femur and injuries to her back.

On a prior appeal of the instant case, reported as Moore v. Kopp, Mo., 400 S.W.2d 176, we find from the Supreme Court opinion that plaintiff originally brought this action against R. M. Manley, Executor of the Estate of Emil Charles Schramm, Defendant Kopp and Leroy Alvin Blain. The action was dismissed without prejudice as to Defendant Blain prior to the first

trial because of lack of service of process on him. Plaintiff proceeded against Schramm's executor Manley and Defendant Kopp in that first trial which resulted in a verdict in favor of both remaining defendants, Manley and Kopp. On appeal to the Supreme Court, the judgment was affirmed as to Defendant Manley and reversed and remanded for a new trial as to Defendant Kopp because of an erroneous contributory negligence instruction.

On this appeal defendant raises two principal points contending that the court erred prejudicially in giving the measure of damage Instruction No. 4, and in giving Instruction No. 2, plaintiff's verdict directing instruction. We will not undertake to make a lengthy statement of the facts adduced in evidence, since the testimony in this case was substantially the same as that set forth in some detail in the Supreme Court opinion narrating the evidence in the prior trial. In view of the result reached here, we will adopt such factual statement contained in the prior Supreme Court opinion as the facts of this case, with such additional references as may be necessary to determine the issues presented on this appeal.

The first point relied upon by defendant is "The court erred prejudicially in giving measure of damages Instruction No. 4 (M.A.I. 4.01) because the portion relating to damages plaintiff was reasonably certain to sustain in the future was not supported by the evidence." The instruction followed MAI 4.01, including the bracketed portion "and is reasonably certain to sustain in the future" which, as indicated in Note 2 to MAI 4.01, may be added if supported by the evidence.

■ On reviewing the evidence adduced in this case we find that plaintiff testified in answer to her counsel's question regarding her complaints at the time of this second trial that "* * * my back hurts all the time * * *. In the bottom portion of my back down here. * * *" Plaintiff's attending physician Dr. Appleberry

stated that plaintiff had spasm and stiffness in her back immediately after the occurrence in 1959, but on his last examination, made during the month before the instant trial, the doctor found no spasm. He testified, "* * * She does have symptomatic complaints which I'm sure are present." In answer to questions propounded by plaintiff's counsel as to whether Dr. Appleberry could say, with a reasonable degree of medical certainty, that plaintiff's back will "continue to bother her," the witness stated, "I would say so, yes." We conclude that such evidence is sufficient to warrant the inclusion in such measure of damage instruction of the words "and is reasonably certain to sustain in the future." The point is ruled against defendant.

The second point relied upon by defendant for reversal of the judgment rendered is that the court erred prejudicially in giving Instruction No. 2 for a number of reasons hereinafter discussed.

In preparing that instruction plaintiff evidently chose to submit her case on certain forms found in MAI No. 17.02 and MAI No. 17.04 in paragraph First, then departed therefrom. The instruction as given by the trial court, at plaintiff's request and over the objection of defendant, reads:

"INSTRUCTION NO. 2

Your verdict must be for the Plaintiff, on Plaintiff's Claim for damages, if you believe:

First, Defendant failed to keep a careful lookout, or, Defendant knew or by the use of the highest degree of care could have known that there was a reasonable liklihood (sic) of collision in time thereafter to have slackened her speed and swerved, but defendant failed to do so.

Second, Defendant was thereby negligent.

Third, as a direct result of such negligence the Plaintiff sustained damage.

The term 'negligence' as used in this instruction means the failure to use the highest degree of care which means that degree of care that a very careful and prudent person would use under the same or similar circumstances."

Point II–E of defendant's brief reads:

"E. The instruction does not follow the M.A.I. direction with respect to submission of disjunctive theories of negligence; nor does it contain the conjunctive 'and' following paragraph 'First' and 'Second' and is prejudicially erroneous."

We have concluded that defendant's point II–E must be sustained. In view of the fact that the case must be remanded, it would serve no useful purpose to rule on the first four subpoints. We cannot say that plaintiff on a retrial will submit the same issues as she did on this trial. Motsinger v. Queen City Casket Co., Mo., 408 S.W.2d 857, 858.

Under Point II–E defendant first contends that since plaintiff's Instruction No. 2 submitted the two disjunctive improper acts set forth in paragraph First, plaintiff should have followed the form prescribed in MAI 17.02 which reads:

"Second, defendant's conduct, in any one or more of the respects submitted in paragraph First, was negligent, and * * *"

In this we agree. Instruction No. 2 deviated from the applicable MAI Instruction 17.02 in this respect and is erroneous. Supreme Court Rule 70.01(b) V.A.M.R.

In the recent case of Murphy v. Land, Mo., 420 S.W.2d 505, 507, Division No. 1 of the Supreme Court said:

"It is our duty to determine judicially the prejudicial effect of No. 5. Civil Rule 70.01(c) V.A.M.R. All deviations from

the straight and narrow path prescribed in MAI will be presumed prejudicially erroneous unless it is made perfectly clear that no prejudice has resulted. The requirements of MAI are mandatory. The burden of establishing nonprejudice is on the proponent of the instruction. That it is the policy of this Court to require strict compliance with all of the requirements of MAI is made clear in Brown v. St. Louis Public Service Co., Mo., 421 S.W.2d 255, a decision by the Court En Banc handed down concurrently herewith. * * *"

Plaintiff makes an attempt to negate any prejudicial effect of the use of such deviation in paragraph Second, by contending, in plaintiff's brief, that:

"* * * By virtue of the instruction as given, plaintiff actually assumed a higher burden of proof than that enjoined by the literal M.A.I. instruction for the jury had to find that the defendant was negligent in *all* respects on all grounds set out in paragraph First, instead of 'in any *one* or more of the respects submitted in paragraph First' as required by M.A.I. 17.02."

Such construction urged by plaintiff would tend to compound the error by seeking to have this court interpret the instruction as a submission of conjunctive instead of disjunctive improper acts of defendant driver Kopp. MAI 1.02 says: "The practice of submitting dual or multiple theories of recovery or defense in the conjunctive is prohibited." Plaintiff's explanation of the effect of the deviation falls far short of making it perfectly clear that no prejudice has resulted from such deviation. We, therefore, presume and find such deviation from the form provided in MAI 17.02 for paragraph "Second" to be prejudicially erroneous.

Defendant next contends under point II–E that Instruction No. 2 is prejudicially erroneous because of the omission of the word "and" at the end of paragraph First, citing the case of Motsinger v. Queen City Casket Co., Mo., 408 S.W.2d 857, in which Judge Westhues, discussing a similar omission, wrote, 1 c. 860, "* * * The omission of the word 'and' after the first portion of the instruction made the instruction erroneous."

The prejudicial effect of the omission of the word "and" after the first portion of Instruction No. 2 is even more palpable in this case since Instruction No. 2 followed with the previously mentioned erroneous language "Second, Defendant was thereby negligent." The jury might have interpreted this sentence standing by itself, to have meant that if the jury believed the matters set forth in paragraph First the court was declaring, as a matter of law, that the defendant was negligent, instead of requiring the jury to find that defendant's conduct in one or more of the respects submitted in paragraph First was negligent.

Long before the Missouri Approved Instructions were adopted the courts required a jury finding that the improper actions hypothesized constituted negligence. In Nagel v. Thompson, 237 Mo.App. 1061, 170 S.W.2d 416, the court said, 1. c. 422: "Plaintiff's Instructions One, Four, Five and Seven are erroneous in that they each fail to require the jury to find that the facts therein hypothesized constituted negligence on the part of the defendant. * * *"

In Brown v. St. Louis Public Service Co., Mo., 421 S.W.2d 255, the Supreme Court of Missouri, En Banc, (in an opinion filed after the instant case was argued here) affirmed the action of the trial court in granting defendant a new trial on the single ground that "* * * the word 'direct' before the word 'result' in the second last line of MAI No. 4.01 is left out in Instruction No. 6." (1. c. 256–257) In the course of its opinion the Supreme Court said, 1. c. 257–258:

"* * * The special committee carefully considered the precise words to use in each approved instruction in order to provide simple, concise and understandable instructions. Directions as to the format to be followed were given to cover those instances where no MAI instruction is provided or where the facts of a case require modification of an MAI instruction. When an MAI instruction is applicable, its use is mandatory.

"Plaintiff urges that to grant a new trial for omission of the word 'direct' in the damage instruction is highly technical and makes form govern over substance. It must be recognized, however, that a system of instruction such as MAI is inherently standardized and inflexible. If this court is to make this system work, and preserve its integrity and very existence, we must insist that mandatory directions be followed and that the pattern instructions be used as written. * * *"

\* \* \* \* \* \*

"Counsel for plaintiff argues that affirmance herein means that this court would hold an instruction prejudicially erroneous for misspelled words or misplaced punctuation. This does not follow. See Johnson v. West, Mo., 416 S.W.2d 162. Such an instance is not comparable, however, to editing an instruction by substituting, adding or deleting words or phrases." (l. c. 259)

\* \* \* \* \* \*

"Accordingly, where there is deviation from an applicable MAI instruction which does not need modification under the facts in the particular case, prejudicial error will be presumed unless it is made perfectly clear by the proponent of the instruction that no prejudice could have resulted from such deviation." (l. c. 259)

See also Cash v. Bolle, Mo., 423 S.W.2d 743, and Gousetis v. Bange, Mo., 425 S.W.2d 91.

The only explanation offered in plaintiff's brief for the omission of the word "and" at the end of paragraph First is that the word "thereby" is contained in paragraph Second. Plaintiff contended "* * The word 'Thereby' pertains to all the foregoing paragraph First. * * *" As we have previously ruled, under MAI the word "thereby" had no place in this instruction which was a disjunctive submission of the two acts of negligence set forth in paragraph First. Under the facts in this case and the law as announced in the Motsinger, Murphy v. Land and Brown v. St. Louis Public Service Co. cases previously cited, we find that the omission of the word "and" at the end of paragraph First constituted prejudicial error.

Defendant next complains of the omission of the word "and" following paragraph Second of Instruction No. 2. Quite obviously this omission constituted another deviation from the straight and narrow path of MAI referred to in Murphy v. Land, supra, and was equivalent to editing the instruction by deleting an important word as condemned in Brown v. St. Louis Public Service Co., supra. Throughout MAI, in motor vehicle cases (17.01–18), in wrongful death (20.01–02), malpractice (21.01), owners and occupiers of land (22.-01–05), federal employers liability act (24.-01–03) and in breach of warranty cases (25.01–03), as well as in affirmative defenses in negligence, malpractice and federal employers liability act instructions (28.01–03), the prescribed language in the format of the instruction always requires the use of the word "and" immediately preceding the finding of resultant damage or injury. We must conclude that in the adoption of the format, including the word "and", the committee wanted to make crystal clear that in cases of this nature the jury must find not only that the defendant's act or acts complained of were negligent, but that *the jury also find* that as a direct result of such negligence plaintiff sustained damage.

In Instruction No. 2, because of the omission of the word "and" at the end of both paragraphs First and Second, the jury might have concluded that, if they believed the matters set forth in paragraph First, the court was making a flat statement that plaintiff sustained damage as a direct result of the matters submitted for jury belief in paragraph First.

In addition to these errors defendant contends in her brief:

"* * * In view of the small magnitude of the collision between the Kopp automobile and the Blain automobile, and the nature of plaintiff's injuries, the conclusion is unavoidable that plaintiff's injuries were sustained when the Kopp automobile left the road, knocked down the guy wire and hit the tree. Under the evidence, if there was any negligence at all on the part of Mrs. Kopp, it occurred after she went onto the shoulder of the road so that swerving or slackening had nothing whatever to do with plaintiff's injuries. * * *"

From a careful perusal of the transcript in the instant case we find that there was substantial evidence from which the jury could have found that even if Defendant Kopp was negligent in causing or contributing to cause one or more of the three distinct contacts or collisions between the Blain and Kopp automobiles, as related by plaintiff, the jury could have also found that none of these collisions caused any injury to plaintiff. The record is totally devoid of any complaints made by plaintiff of pain or injury until the Kopp car hit the guy wire and large tree shown in the photographs introduced and mentioned in the evidence. By the same token the jury could well have found that the real cause of plaintiff's injury was Defendant Kopp's conduct in taking her hands off the steering wheel of her automobile after the second collision related by plaintiff. The jury could have believed defendant's statement that she "* * * evidently hit the gas instead of the brake * * *" as related by Witness Parker, a nearby resident who stopped at the scene immediately after the incident.

Conversely, there was substantial evidence adduced in the testimony of Defendant Kopp to the effect that Blain's car hit the Schramm automobile first and "* * * then bounced over and hit me * * *. He knocked me out of the road * * * I couldn't get control of the car anymore after he hit me. * * *"

▮ We conclude from the evidence in this case that there were substantial questions of fact as to whether plaintiff did or did not sustain damage as a direct result of the defendant's improper actions submitted in paragraph First of Instruction No. 2. The conflicting evidence made it most important in this case that the jury should have been properly instructed in plaintiff's verdict directing Instruction No. 2 that the jury believed *not only* the ultimate facts submitted in paragraph First, and the ultimate facts which should have been submitted in paragraph Second, *but also* those submitted in paragraph Third. The omission of the word "and" at the end of paragraph Second and preceding paragraph Third was a deviation from plaintiff's chosen MAI submission instruction and we presume, find and conclude that such omission was prejudicially erroneous.

For the reasons heretofore stated, because of the prejudicial error found in Instruction No. 2, this cause is reversed and remanded for further proceedings.

ANDERSON, P. J., and RUDDY, J., concur.