**Leon Claude FRITZ, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 54374.**

Supreme Court of Missouri,
Division No. 1.

Jan. 12, 1970.

J. Arnot Hill, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, Mo., for appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, Mo., for respondent.

HIGGINS, Commissioner.

Appeal from denial, after hearing, of motion, under Criminal Rule 27.26, V.A. M.R., to set aside judgment of conviction of burglary, second degree.

Leon Claude Fritz, charged with burglary, first degree, and as a second offender, was convicted by a jury of burglary, second degree; he was sentenced to 10-years' imprisonment, and the judgment was affirmed upon appeal. State v. Fritz, Mo., 379 S.W. 2d 589, and see also State v. Fritz, Mo., 429 S.W.2d 699, for a previous Rule 27.26 proceeding.

On April 15, 1967, Leon Claude Fritz, pro se, filed a motion under Rule 27.26. On April 20, 1967, the court permitted him to proceed in forma pauperis and appointed Mr. J. Arnot Hill of the public defender's office to represent movant.

The transcript in the previous Rule 27.26 proceeding shows the pro se motion to have contained five grounds:

1. The trial court erred in overruling defendant's objection to trial on May 28, 1963, upon the grounds of insufficient notice of amendment of the information and complaint under the Habitual Criminal Act.

2. The court erred in overruling defendant's Motion for Judgment of Acquittal at the end of the state's case for the reason that the evidence offered by the state was insufficient, because the state's principal witnesses, Officers Andrews and Arnold, were not competent "under the following point."

3. The evidence was not sufficient to sustain a conviction of burglary, first degree, and was not sufficient to sustain the conviction of burglary, second degree.

4. The court erred in submitting burglary, second degree, under a charge of burglary, first degree.

5. Defendant was denied due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution because "the evidence shows that the defendant is guilty of only one crime, and that is to be a Negro at, or near the scene of an alleged crime where a supposed white female had been attacked by a male."

Subsequent to the filing of the pro se motion the trial court noted the order of the supreme court in State v. Stidham, Mo., 415 S.W.2d 297, and instructed Mr. Hill to have petitioner file an amended motion using the form prescribed by Criminal Rule 27.26, V.A.M.R., which required the movant to include "every ground known to him for vacating, setting aside or correcting his conviction and sentence or it will be waived or abandoned." The amended motion was filed August 11, 1967, and State v. Fritz, supra, at 429 S.W.2d l. c. 700, shows the amended motion to be virtually the same as the pro se motion in stating as grounds for relief in paragraph 8:

"(a) The Trial Court erred in overruling Defendant's objection to Trial on May 28, 1963, upon the grounds of insufficient notice to defendant of the Amendment

"(b) That the Court erred in overruling defendant's 'Motion for Judgment of Acquittal'

"(c) The evidence was not sufficient to Sustain defendant's conviction of Burglary in the Second Degree.

"(d) Defendant was denied Due Process of Law as Guaranteed by the Fourteenth Article of the Constitution of the U.S."

Movant represented that these grounds would be proved by attached exhibits but such were neither attached nor offered and they were not included in the transcript.

This amended motion was denied without a hearing and, upon appeal, this court set aside the order denying relief and remanded the case to permit filing of another amended motion and further proceedings. State v. Fritz, supra, 429 S.W.2d 1. c. 701–702.

On October 17, 1968, pursuant to the remand, movant filed his "Supplemental Motion in connection with the Rule 27.26 motion now pending" in which he stated:

"1 Movant incorporates by reference all the averments contained in his original motion * * * of April 1967 * * *:

"(A) * * * The only issue herein taken is the one of obtaining jail time prior to trial * * *."

(C) That if not allowed, "he will in fact be serving more than the legal maximum punishment allowed under the Statute * * *" contrary to law.

"(F) Movant should receive credit for the 207 days he spent in jail awaiting trial * * *."

An evidentiary hearing was accorded movant November 15, 1968, at which time he continued to be represented by Mr. Hill. The only evidence presented was the testimony of movant. He testified to his conviction and 10-year sentence; 207 days spent in jail prior to trial; that by information received by him from the United States Weather Bureau one of the officers who testified for the state perjured himself when he said he saw the defendant at the crime site "by the light of the full moon" because his weather bureau exhibit showed that the moon did not rise that night; that he should have had a continuance when the amended information was filed due to insufficient notice; that he should have had

an acquittal because the evidence was not sufficient to sustain his conviction; that he was denied due process "By this officer saying he seen a woman come out on the porch and lean over the rail and look out and they asked the woman did she come out on the porch and she said no, she hadn't been out on the porch, hadn't been out of the house—. * * * I feel they found me guilty because the witness was not telling the truth"; that his pleadings contained all his complaints and grounds for relief; that at trial he was represented by hired counsel of his own choosing, Mr. William Costello, and that he cross-examined state's witnesses, particularly the "white woman who was the complaining witness"; that he was shot by the police in the vicinity and that is how they found him there.

On November 18, 1968, the court entered an order containing findings of fact and conclusions of law upon which relief was denied on movant's motions. The order recited the filing of the original motion, the amended motion, and the "supplemental" motion which together raised five points, three relating to sufficiency of evidence at trial, the fourth alleging denial of due process, and the fifth contending improper deprivation of credit for jail time. The court further found, among other things, that movant was not given credit for jail time; that his conviction had been sustained in 379 S.W.2d 589; that grounds a, b, and c of the amended motion relate to trial evidence; that movant was unable to articulate any particular constitutional right of which he was deprived but could only relate that it was "just not right that he was convicted." As matters of law the court concluded, among other things, that the three grounds relating to sufficiency of the evidence are matters to be raised on appeal and not by a 27.26 motion, State v. Johnstone, Mo., 350 S.W.2d 774, and that these matters were ruled in 379 S.W.2d 589; that movant was not deprived of any constitutional right, and was not entitled to credit for time in jail prior to conviction.

With his case in this posture, appellant, on this appeal and for the first time, now contends he "was denied the right of effective counsel"; and even in so contending, he concedes he "did not formally allege that he was deprived of effective assistance of counsel at his trial or on appeal."

This case has been stated in detail to demonstrate that there has never been any allegation of ineffective assistance of counsel; that the original pro se motion contained no such charge; that the trial court ordered the pro se motion amended to include any known additional grounds of relief and still no charge of ineffective counsel; that this court on prior appeal ordered a remand to permit further amendment of the motion and directed that an evidentiary hearing be held; that such remand occasioned a supplemental motion and still no charge of ineffective counsel; that upon full evidentiary hearing in which movant testified that he had stated all his grounds for relief, he made no charge of ineffective assistance of counsel, and he did not present any such charge to the trial court by his testimony. There must be an end to these matters sometime. Consequently, after all this time, pleading, trial, and appeal, no issue of ineffective assistance of counsel has yet been presented to the trial court; and since such issue has not been presented to the trial court, it cannot, and will not, be considered on this appeal. State v. Eaton, Mo., 394 S.W.2d 402, 403[1, 2]; State v. Hegwood, Mo., 415 S.W.2d 788, 791[4].

Appellant's citations do not require a review of this issue because they are to be distinguished from the posture of this case: Goodwin v. Swenson, D.C.Mo., 287 F.Supp. 166, and Pedicord v. Swenson, D.C. Mo., 304 F.Supp. 393, October 6, 1969, were both proceedings before a trial judge in the federal district court in which the issue of ineffective assistance of counsel was presented to the trial judge; State v. Cooper, Mo., 403 S.W.2d 619, involved a motion to withdraw a guilty plea, one ground of which presented the issue of ineffective assistance of counsel to the trial court in the first instance; State v. Jones, 12 Mo.App. 93, was overruled in State v. Dreher, 137 Mo. 11, 38 S.W. 567, see State v. Selvaggi, 319 Mo. 40, 2 S.W.2d 765, 767[5], and People v. Ibarra, Calif., 60 Cal.2d 460, 34 Cal.Rptr. 863, 386 P.2d 487, was a direct appeal which involved incompetency of counsel as assigned error in the motion for new trial; State v. Kinne, Mo., 372 S.W.2d 62, and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, contained no such issue.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

SEILER, P. J., HOLMAN, J., and PINNELL, Special Judge, concur.

STORCKMAN, J., not sitting.