STATE of Missouri, Respondent,

v.

Walter William FABER, Appellant.

No. 57610.

Supreme Court of Missouri, Division No. 2.

June 11, 1973.

James M. Martin, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

Walter William Faber has appealed from the judgment of the Circuit Court of Cole County, entered after trial before the court without a jury, whereby he was found guilty of second degree burglary, and sentenced to imprisonment for a term of two years.

Appellant contends that the court erred in refusing to quash the indictment because (Point I) it was "insufficient and vague on its general face and did not sufficiently advise appellant whether he was charged with first or second degree burglary," and (Point II) it "improperly joins two offenses and is duplicitous and misleading."

The indictment in its material parts charged that appellant "did, willfully, unlawfully, feloniously, burglariously, forcibly break and enter a certain dwelling house * * * by then and there forcing and breaking an outer window with the felonious and burglarious intent then and there to commit a felony, to wit: the detestable and abominable crime against nature of sodomy, against the peace and dignity of the State."

Appellant asserts that by the use of this language he was not advised whether he was charged with first or second degree burglary. He cites cases, with which we agree, to the effect that he has the right "to be adequately informed of the nature of the charge against him," and that the indictment should be reasonably understandable and should be definite and certain.

Burglary in the first degree is defined by § 560.040, RSMo 1969, V.A.M.S., and the elements of the offense include a "breaking into and entering the dwelling house of another, in which there is at the time some human being, with intent to commit some felony or to steal therein * * * by forcibly bursting or breaking the wall or outer door, window or shutter of a window of such house, or the lock or bolt of such door * * *." The indictment in this case did not allege that at the time of the breaking there was a human being in the dwelling house. Therefore, the indictment did not charge the crime of burglary in the first degree, and this was or should have been readily apparent to appellant.

Burglary in the second degree is defined by § 560.045 as a "breaking into a dwelling house, with intent to commit a felony or to steal, but under such circumstances as to not constitute the offense of burglary in the first degree." Appellant asserts that the indictment did not charge burglary in the second degree because of the use of the words, "forcing and breaking an outer window," which, he argues, is a manner of entry for burglary in the first degree.

An essential element of burglary in the second degree is that a "breaking into a dwelling" occurred. It is only in first degree burglary that the manner of breaking and entering is important. State v. O'Brien, 249 S.W.2d 433 (Mo.1952), certiorari denied, 344 U.S. 859, 73 S.Ct. 100, 97 L.Ed. 667 (1952). For second degree burglary, there must be a breaking and en-

try, which implies the use of some force, or as stated in the cases, "a forcible breaking." State v. Fritz, 379 S.W.2d 589, 591 (Mo.1964). Therefore, the use in the indictment of the words, "forcing and breaking," did not prevent the allegation of a charge of burglary in the second degree. Appellant's first point is without merit.

As to the contention that the indictment was duplicitous, appellant asserts that Rule 24.04, V.A.M.R., lists the instances when the allegation of the commission of two crimes may be joined in the same indictment, but it "does not expressly permit joinder of burglary with intent to commit sodomy in connection with such burglary." It is contended that for that reason the indictment in this case is in conflict with the rule and is void on its face.

■ Appellant erroneously assumes that a breaking and entering of a dwelling house, without more, constitutes the crime of burglary. It must be accompanied with an intent to commit therein a felony or to steal. Therefore, by alleging the intent to commit sodomy, the allegation of the charge of burglary was made complete. Also, appellant does not point out by what statute an "intent to commit sodomy," and nothing more, is made a crime. The indictment is not duplicitous or misleading.

■ On the day prior to trial, appellant appeared before the court with his counsel and stated that he desired to enter a plea of guilty to the charge. However, when the court examined him to determine whether the plea was voluntary and understandingly made, appellant stated that he was under the influence of drugs at the time, and that he remembered nothing concerning the occurrences which resulted in the charge against him. The trial court refused to accept the plea of guilty and directed a trial before a jury. At time of trial the jury was excused, and at appellant's written request the trial was held before the court without a jury. Appellant now contends in his third point that the "failure of the trial judge to voluntarily

disqualify himself after hearing appellant attempt to plead guilty, and after accepting appellant's waiver of a jury trial" violated the rule of Headen v. United States, 115 U.S.App.D.C. 81, 317 F.2d 145 (1963), that a withdrawn guilty plea may not be used against an accused.

■ Appellant did not seek to disqualify the trial judge pursuant to Rule 30.12, and at no time did he object to the trial being held before the judge who had presided the previous day when the offer to plead guilty was refused. By waiving a jury and requesting trial before the court, without seeking a different judge, appellant in effect requested to be tried by the judge who was then presiding. There was no evidence at the trial pertaining to appellant's previous attempt to enter a plea of guilty. He is not now entitled to contend that the trial judge should have disqualified himself without a suggestion or request by him.

■ Appellant next contends in his fourth and fifth points that "the evidence was insufficient to prove [he] had any intent to commit sodomy" and "to prove the attempted felony of sodomy." These contentions are totally without merit. We shall not detail, but only summarize, the evidence from which an intent to commit sodomy could have been found by the trier of fact.

The prosecuting witness testified that when he returned to his living quarters on the evening of October 27, 1970, he found an unsigned note under his door which contained a suggestion or solicitation for homosexual activity. About five hours later, during the early hours of the following morning, the prosecuting witness awakened to find appellant in his bedroom, clad only in a pair of bikini panties and reeking with the odor of perfume. When confronted by the prosecuting witness, appellant asked, "Didn't you get my note?" The prosecuting witness asked appellant to leave, and he replied, "You don't want me to." Appellant moved close to the bed, and

smacked his lips as he talked. He later left the apartment.

It is the unusual situation when there is direct evidence of the intent of a person charged with a crime in which intent is an essential element, State v. Chevlin, 284 S.W.2d 563, 566 (Mo.1955), but the requisite intent in a charge of burglary may be proved from the circumstances. State v. Fritz, supra; State v. Whitaker, 275 S.W.2d 322, 324 (Mo.1955). The proof of intent by circumstantial evidence is sufficient when the facts and circumstances are consistent with each other and with the hypothesis of guilt. State v. Durham, 367 S.W.2d 619 (Mo.1963). In this case the circumstantial evidence was strong, almost compelling, and it clearly authorized a finding of the intent alleged in the indictment.

In arguing that the evidence was insufficient to prove "the attempted felony of sodomy," appellant erroneously assumes that he was charged with an attempt to commit sodomy, or that an actual attempt to commit the felony charged in the indictment was essential to the proof of the crime of burglary. The essential element of burglary as charged was an *intent* to commit sodomy. When the evidence shows beyond a reasonable doubt that the breaking and entry was made with the requisite intent, the failure to consummate the intended felony or to make an attempt to commit the felony after the entry, because of fright, persuasion or any other reason, does not exonerate the accused. State v. McBride, 366 S.W.2d 374, 377 (Mo. 1963).

Appellant next contends that there was "sufficient evidence to show that [he] was incapable of forming an intent to commit the crime of sodomy due to involuntary intoxication."

Appellant testified that on the afternoon of October 27, 1970, he became intoxicated from drinking alcohol, and that he also took some phenobarbitol, and that by rea-son of the effect of the combination of the two he could remember nothing that happened until the next morning when he woke up in the hallway of the building where he lived. Dr. Allen, as an expert witness, testified that if appellant took the amount of phenobarbitol he said he did he would have been asleep within an hour, and that the activities of appellant indicated an organized mind.

We note that appellant's point is directed to the contention that there was "sufficient evidence to show that [he] was incapable of forming an intent * * * due to involuntary intoxication." Appellant admits that he voluntarily drank alcohol and took the phenobarbitol, but his claim of involuntary intoxication is based on the contention that he did not know or appreciate the result of the combination of the two. We do not consider that those circumstances constitute "involuntary intoxication" within the legal meaning of that term. On this theory one could, with equal logic, contend that he did not know or appreciate the result of the consumption of a certain amount of alcohol. However, in this case the issue is not whether there was "sufficient" evidence from which it could be found that appellant could not have formed a specific intent. The evidence clearly authorized a finding that he could have formed the requisite intent. The judgment of the trial court embraces such a finding, and that is all we need rule in this case.

Appellant's final contention is that § 563.230, RSMo 1969, V.A.M.S., entitled "The abominable and detestable crime against nature," which includes sodomy, is so vague and indefinite that it does not advise of the nature of the charge. This precise issue was ruled in State v. Crawford, 478 S.W.2d 314 (Mo.1972) and we see no reason to review the rationale and reasoning of that opinion. We approve of and reaffirm the ruling in that case.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

HENLEY, Acting P. J., DONNELLY, J., and MEYER, Special Judge, concur.

MORGAN, P. J., not sitting.